A. B. DISTRIBUTING COMPANY v.
CONNECTICUT STATE BOARD OF LABOR RELATIONS

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 74887

CONNECTICUT STATE BOARD OF LABOR RELATIONS v.
A. B. DISTRIBUTING COMPANY

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 74903

Memorandum filed March 28, 1946.

*Michael V. Blansfield* and *Harry M. Albert*, of Waterbury, for Distributing Co.

*Daniel E. Ryan,* Assistant Attorney General, for State Board.

DALY, J. In the first of these matters the employer has appealed from a decision and order of the labor relations board dated November 15, 1945. In the second proceeding the labor relations board asks this court to make an order and decree enforcing in whole the order of the board dated November 15, 1945 "and directing the respondent, its agents, successors and assigns to comply therewith, and for such other and different relief as to this Court may seem just and proper in the premises."

In the appeal by A. B. Distributing Company it is alleged that the petitioner "is aggrieved by said order in that it is compelled to re-hire a discharged employee . . . and in that it is compelled to pay such discharged employee for loss of earnings from May 15, 1945, to date of offer to rehire less amount actually earned by such employee during such period; and in that the Board found that said discharged employee Schweitzer was not rehired because of his membership in the Union when said Board did find that the petitioner herein did not hire any additional salesmen in April or May after said employee Schweitzer's discharge; and in that said Board ordered an election to ascertain the exclusive representative for collective bargaining when said matter is not properly before said Board; and in that upon said order of election said Board calls for an election by all the salesmen of the petitioner as a unit." It was further alleged that said decision and order is unreasonable and discriminatory and unfounded in fact or in law. The petitioner prays that this court vacate and set aside said order or modify it.

The board, in its decision and order, referred to a written complaint dated July 14, 1945, and stated that in said complaint it was charged that A. B. Distributing Company, called

the respondent, had violated §§ 936h and 937h of the Connecticut Labor Relations Act.

The written complaint, dated July 14, 1945, and referred to in the decision and order, is as follows:

July 14, 1945.

"John A. Gaspic, Agent
State Labor Relations Board,
Department of Labor
State Office Building,
Hartford, Conn.

"Re: A-B Distributing Company
Hartford, Conn.

"Dear Mr. Gaspic:

"I wish to file charges against the A-B Distributing Company of Hartford, Connecticut; under the State Labor Relations Act, for violations of Section 4 and Section 5 of said act.

"This Company's officials and Agents have used every effort possible to discourage their employees in carrying out their activities as members of Wholesale Beer Salesmen's Union of Connecticut, No. 22901, affiliated with the American Federation of Labor, which has a contract with this concern.

"Very truly yours,

"James J. Clerkin (Signed)
"A. F. of L. Organizer"

The fourth and fifth sections of the Labor Relations Act are §§ 936h and 937h of the 1945 Supplement to the General Statutes. Section 936h states the rights of employees and §937h has to do with unfair labor practices.

After hearing the evidence the board concluded that Morton Schweitzer, a former employee of the respondent, was not re-hired by the respondent on or about May 15, 1945, because of his membership in a union. The board denied the request of the union that a contract entered into by it, the union, and the respondent dated April 28, 1944, be continued. The board held that it was without power and authority to pass upon the matter involved.

A review of the evidence indicates that this court should conclude that there was substantial evidence before the board,

notwithstanding the fact that Morton Schweitzer was permitted to testify as to what he thought was the reason the respondent's representative did or did not do certain things. On March 9, 1945, John A. Largay, the representative of the respondent, increased Schweitzer's pay $5 a week retroactive to January 1 and promised him another increase of $5 per week beginning on June 1, 1945. Schweitzer's testimony was to the effect that Largay said, "I will give you $5.00 now retroactive to January 1 and the other $5.00 June 1 after I get rid of the union." Largay denied so much of the statement as contained the words "after I get rid of the union." This alleged conversation took place a short time after Largay had given written notice to the union that the respondent desired to terminate an agreement entered into by it and the union dated April 28, 1944.

Schweitzer also testified that about May 14, 1945, he asked Largay to rehire him and that Largay stated, "I would like to have you come back but only as an individual, not as a union man" and "You were always a mighty loyal employee to us, until the time you joined the union and then your loyalty shifted to them," and that later Largay said that his decision "to let the matter drop stands but the union will take care of you." Largay denied making the statements about the union and Schweitzer's connection with it. There was additional testimony, including that of a Mr. Henry, who had been employed as the general manager for the respondent. It is apparent that the board decided a question of fact upon substantial evidence before it and that there is no basis for this court to conclude that the board, in finding that the respondent refused to rehire Morton Schweitzer on May 15 because he was a member of the union, acted unreasonably and unlawfully. "The findings of the board as to the facts, if supported by substantial evidence, shall be conclusive." General Statutes, Sup. 1945, § 940h.

The appeal from so much of the order as is contained in paragraphs 1 and 2 thereof is dismissed, and a decree enforcing said portions of the order is entered.

As part of the decision and order appears the following:

## "DIRECTION OF ELECTION

"By virtue of and pursuant to the power vested in the Connecticut State Labor Relations Board by Section 938h of the Act, it is hereby

"DIRECTED, that as a part of the determination by the Board to ascertain the exclusive representative for collective bargaining with Respondent an election by secret ballot shall be conducted under supervision of the Agent of the Board, at a time and place to be fixed by the Board, among all of the salesmen of the Respondent who were in the employ of the Respondent on the date of this Decision plus Morton Schweitzer, other than those employees who have quit or, been discharged for cause prior to the date of the Election, to determine whether they desire to be represented by the Wholesale Beer Salesmen's Union for the purpose of collective bargaining.

"A. G. Gulliver, Chairman
"Peter McManus, Member
"Vincent P. Kiernan, Member"

"To:

"A. B. Distributing Company
585 Windsor Street
Hartford, Connecticut

"Wholesale Beer Salesmen's Union
No. 22901, A. F. of L.
678 First Avenue
West Haven, Connecticut"

In § 938h of the 1945 Supplement to the General Statutes appears the following: "(3) When it is complained by an employee or his representative that there is a question or controversy concerning the representation of employees, the board shall hear the matter and order an election, or use any other suitable method to ascertain such representatives." The complaint dated July 14, 1945, charges violations of §§ 936h and 937h. There was no complaint by an employee or his representative that there was a question or controversy concerning the representation of employees. In directing an election the board acted without authority.

The board claims that the respondent cannot ask for a review of the board's action in directing an election.

Section 940h authorizes the board to petition the Superior Court for the enforcement of an order of the board. This section also provides as follows: "The superior court. . . shall have jurisdiction of the proceedings and of the questions determined thereon, and shall have the power to grant such relief . . .

as it deems just and suitable and to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the board. . . . Any person aggrieved by a final order of the board granting or deny-ing in whole or in part the relief sought may obtain a review of such order in the superior court. . . . Upon such filing said court . . . shall proceed in the same manner as in the case of a petition by the board under this section and shall have the same exclusive jurisdiction to grant to the person such tempor-ary relief or restraining order as it deems just and suitable, and in like manner to make and enter a decree enforcing or modify-ing and enforcing as so modified or setting aside, in whole or in part, the order of the board."

It is clear that by the statute the court has authority to modify an order of the board.

It is interesting to note that in discussing an administrative order and appeal in *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 585, the court said: "If an administrative order is so unreason-able as to justify judicial interference it is within the power of the court to set it aside, and the court must necessarily have jurisdiction to determine the facts involved in such an issue. . . . The nature of the so-called 'appeal' allowed by various statutes from the decisions of administrative boards has been discussed in numerous cases in this court and its true character is definite-ly settled. It is not an appeal in the sense of a transfer of juris-diction from one court to another, but simply provides 'a pro-cess, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by the officers of another department.' "

The portion of the order entitled "DIRECTION OF ELEC-TION" is set aside.