COLONIAL HOUSE, INC. *v*. CONNECTICUT STATE BOARD OF LABOR RELATIONS ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 94208
AT NEW HAVEN

Memorandum filed January 26, 1961

*Jay S. Siegel,* of Hartford, for the plaintiff.

*Albert L. Coles,* attorney general, and *Alphonse C. Jachimczyk,* assistant attorney general, for the named defendant.

*Norman Zolot,* of Hamden, for defendant Hotel and Restaurant Employees' and Bartenders' Union, Local 217.

MacDonald, J.  Plaintiff, a restaurant corporation, brought this action for a declaratory judgment to determine whether or not a certain decision and order by the defendant state board of labor relations, entered on August 29, 1960, was lawful under the rules and regulations of said board and the General Statutes and whether plaintiff is bound thereby under the consent election agreement of June 3, 1960, to abide by such rules and regulations. The defendant union, a local union of the A.F.L.-C.I.O. and a "labor organization" within the meaning of § 31-101 of the General Statutes, has filed a plea in abatement, claiming that this court lacks jurisdiction over the subject matter under the declaratory judgment act (1) because it is an appeal from an interlocutory rather than a final order and therefore premature; (2) because the Labor Rela-

tions Act does not specifically provide for judicial review of representation proceedings; (3) because plaintiff has failed to state a cause of action under § 277 (a) of the Practice Book; and, finally, (4) because the plaintiff has other redress in the form of an appeal from a final order of the defendant labor relations board.

It is alleged in the complaint that, pursuant to a consent election agreement between plaintiff and this defendant local, a secret ballot election was conducted by the defendant board, through its authorized agent, in which a majority of plaintiff's employees voted not to designate the defendant local as their collective bargaining representative; that six days after the delivery of the agent's report of this result to both parties, the defendant local filed with the defendant board a "Motion to Declare Void and Set Aside Election," which, over plaintiff's objection, the defendant board ruled that it would accept and consider, despite the fact that § 56-111 of the general rules and regulations of the board as well as the express terms of their agent's report of the election provided that any objections to the election or report must be filed within five days of the date of the issuance and service of such report on the parties.

In *Connecticut Savings Bank* v. *First National Bank,* 133 Conn. 403, 409, our Supreme Court discussed at length the interpretation and scope of our declaratory judgment statute (then Rev. 1930, § 5334; now General Statutes § 52-29), stating in part as follows, in language as applicable now as it was then: "Our statute, which antedated the Uniform Declaratory Judgments Act, is broader in scope than that act and the statutes in most, if not all, other jurisdictions. We have consistently construed our statute and the rules under it in a liberal

spirit, in the belief that they serve a sound social purpose. *Sigal* v. *Wise*, 114 Conn. 297, 301, 302 . . . ; *New Haven Water Co.* v. *New Haven*, 131 Conn. 456, 464 . . . . We have undoubtedly given a broader scope to proceedings for declaratory judgments than have the courts in many other jurisdictions.

"An action for a declaratory judgment is a special statutory proceeding, not one in equity. *Silberman* v. *McLaughlin*, 129 Conn. 273, 276 . . . ; *Newington* v. *Mazzoccoli*, 133 Conn. 146, 150 . . . . The condition precedent to the maintenance of an action in equity— that there be no adequate remedy at law —has no application. In order to ascertain the limitations upon the use of actions for declaratory judgments, we look to the restrictions established by the rules we have quoted. The first of these is that there must be an issue in dispute or an uncertainty of legal relations 'which requires settlement between the parties.' This provision means no more than that there must appear a sufficient practical need for the determination of the matter; *Sigal* v. *Wise*, supra, 302; *Hill* v. *Wright*, 128 Conn. 12, 19 . . . ; and that need must be determined in the light of the particular circumstances involved in each case. *James* v. *Alderton Dock Yards*, 256 N.Y. 298, 305, 176 N.E. 401. This limitation is, however, concerned only with the nature of a dispute which is determinable in an action for a declaratory judgment, and not with the question whether, if a plaintiff may secure an adjudication of his rights or jural relations in an ordinary proceeding, he is therefore debarred from maintaining an action for a declaratory judgment."

The issue raised in this action is not concerned with the Labor Relations Act (General Statutes, c. 561) or claimed violations thereof, so as to be governed by its provisions, and plaintiff need not,

therefore look to that act for its basis for bringing this action. It specifically alleges, as a basis for its claim for the relief sought, that certain procedure followed by the defendant board, in failing to adhere to specific statutory procedures for promulgating administrative rules and regulations as set forth in §§ 4-45 and 4-48 of the General Statutes, and in failing to follow § 56-111 of its general rules and regulations as published, "was unlawful and constitutes an invasion of the legal rights of the Plaintiff in that it will be required to submit to further proceedings . . . and be bound by the ruling of the Defendant Board dated August 29, 1960, without the judicial review of said ruling at a later time." It alleges "an actual bona fide and substantial question and issue in dispute and a substantial uncertainty of legal relations requiring settlement," which, it claims, satisfies the conditions imposed by § 277 of the Practice Book for the court's assumption of jurisdiction under § 52-29 of the General Statutes.

Our Supreme Court has frequently pointed out that the statutes and rules pertaining to declaratory judgments create an independent remedy and should be accorded a liberal construction. As stated in *Sigal* v. *Wise,* 114 Conn. 297, 301, "[t]he statute authorizing the Superior Court to render declaratory judgments is as broad as it well could be made. . . . The rules adopted to carry out the statute authorize the Superior Court to render such judgments 'as to the existence or nonexistence (a) of any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future.' . . . While the rules go on to limit that power in certain respects, neither in them nor in the statute is there

any restriction upon the power of the court to render judgments determining rights which are contingent upon the happening of some future event. Indeed, a contrary intent is clearly indicated by the provision in the rules authorizing the determination of any fact upon which the existence or nonexistence of any right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future. The remedy by means of declaratory judgments is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purposes underlying such judgments. One great purpose is to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights, that they may guide their actions accordingly and often may be able to keep them within lawful bounds, and so avoid the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of law suits. Fully to carry out the purposes intended to be served by such judgments, it is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening. Even if the right claimed in this case is a contingent one, its present determination may well serve a very real practical need of the parties for guidance in their future conduct. A construction of our statute and rules which would exclude from the field of their operation and determination of rights, powers, privileges and immunities which are contingent upon the happening or not happening of some future event would hamper their useful operation." See also *Larkin* v. *Bontatibus,* 145 Conn. 570, 575.

More specifically, the court has indicated that an action for a declaratory judgment is a proper method for determining rights in connection with a

regulation of an administrative agency. In *Sage-Allen Co.* v. *Wheeler,* 119 Conn. 667, 672, the following language of the opinion would seem to strengthen this plaintiff's jurisdictional claims: "The defendants also claim that the individual plaintiffs have adequate remedy at law and hence are not entitled to injunctive relief. The only penalty which could be invoked, should they act in breach of the regulation, is the revocation of their licenses by the board; from such action they are given by the statute a right of appeal to the Superior Court; and upon that appeal every question now raised as to the validity of the regulation could no doubt be put in issue. That remedy is available, however, only after the license has been revoked, and if these plaintiffs could show that the board of examiners in optometry were threatening to take such action against them under an illegal regulation and that to revoke their licenses would cause them serious damage for which they have no adequate redress at law, it may be that they would be entitled to an injunction against any proceedings to enforce it. See *Lazarevich* v. *Stoeckel,* 117 Conn. 260, 262. . . . Moreover, the complaint sought relief by way of a declaratory judgment as to the validity of the regulation, and if the plaintiffs should not prove their right to an injunction to restrain its enforcement, the allegations of the complaint and the facts found both afford a rather typical case for such relief. Certainly these plaintiffs may justly claim that the court should declare whether or not the regulation is valid that they may without actually violating it, be authoritatively apprised of their rights."

This language indicates that it would be proper for this court to take jurisdiction to determine the validity of the defendant board's ruling at just this point, where the board, an administrative agency,

intends to exercise the authority claimed by plaintiff to be invalid. On this point, the Supreme Court of the United States, through Mr. Justice Frankfurter, has stated in *Eccles* v. *Peoples Bank,* 333 U.S. 426, 434: "A determination of administrative authority may of course be made at the behest of one so immediately and truly injured by a regulation claimed to be invalid that his need is sufficiently compelling to justify judicial intervention even before the completion of the administrative process."

In the instant case, if the plea of the defendant local is sustained, plaintiff will be compelled to go through a lengthy and expensive administrative process when, prima facie, the board is acting contrary to its own regulations, which, if followed,. would have terminated the entire matter by requiring the board to certify the results of the election and dismiss the union's petition. From an administrative point of view, at least, the board's "Decision and Order" is final and should be subject to judicial scrutiny quite apart from any right granted by the Labor Relations Act. This also answers defendant's claim that this action is premature, for this particular question has been decided and may not be open to question again before the board.

That this court has "independent" jurisdiction over this type of question, involving a claim of unlawful exercise of authority by an administrative agency, has been clearly pointed out in many decisions by our federal courts which, because of the close similarity of our state Labor Relations Act to the federal act, are pertinent. In *Fay* v. *Rouds,* 172 F.2d 720, 723 (2d Cir.), Chief Judge Learned Hand states: "The first question is as to the jurisdiction of the District Court which the defendant disputes, invoking our decision in *Fitzgerald* v. *Douds.* [2 Cir., 167 F.2d 714.] We there held that, since the only review of a 'certification' proceeding under § 9 was

as an incident to a petition to review an order of the Board under § 10, the remedy so created was exclusive; although we recognized that the result might be otherwise, if a constitutional question were raised. The plaintiff at bar does raise such a question; he asserts that the Local has a 'property' right in the maintenance of its position as exclusive bargaining agent, and that this was substantially invaded by denying its privilege of a hearing upon the 'investigation,' preparatory to deciding whether an election should be called. If this assertion of constitutional right is not transparently frivolous, it gave the District Court jurisdiction; and, having once acquired jurisdiction, the court might, and should, dispose of all other questions which arose, even though they would not have been independently justiciable. [*Hillsborough Township, Somerset County* v. *Cromwell*, 326 U.S. 620.] Although, as will appear, we do not think that the Local was denied any constitutional right, we do think that its contention is not so plainly untenable that the District Court might not proceed to decide the other issues involved. The Local's interest in remaining the exclusive bargaining agent was of great importance to it, and to dispense with the 'investigation' on the outcome of which depended the calling of an election, would imperil its position, even though it could not be 'certified' upon an election. To do this without any hearing can plausibly be thought to be a denial of due process of law." This language is particularly applicable here, for plaintiff has claimed an invasion of its legal rights which, since not "transparently frivolous," gives the court jurisdiction. To deprive plaintiff of a hearing on this question by sustaining the plea in abatement could "plausibly be thought to be a denial of due process of law," and this court should give plaintiff the opportunity for a hearing on the merits of his claim.

For another pertinent federal court decision invoking specifically a preliminary order of the national labor relations board, see *Farmer* v. *United Electrical Radio & Machine Workers,* 211 F.2d 36, 40 (D.C. Cir.), cert. denied, 347 U.S. 943; where, in holding that the District Court had jurisdiction, Circuit Judge Bazelon states: "It is clear enough that review of Board action in the Courts of Appeals is limited to unfair labor practice proceedings under § 10. But the question whether action, preliminary to such proceedings and plainly beyond the scope of statutory authority, may be reviewed by the District Court in the exercise of its equity power was twice reserved by the Supreme Court [*American Federation of Labor* v. *National Labor Relations Board,* 1940, 308 U.S. 401, 412, 60 S. Ct. 300, 84 L. Ed. 347; and *Inland Empire District Council* v. *Millis,* 1945, 325 U.S. 697, 700, 65 S. Ct. 1316, 89 L. Ed. 1877. See also *Hourihan* v. *National Labor Relations Board,* 1952, 91 U.S. App. D.C. 316, 317, note 4, 201 F.2d 187, 188, note 4, certiorari denied, 1953, 345 U.S. 930, 73 S. Ct. 792, 97 L. Ed. 1359.] to await 'the required showing of unlawful action by the Board and resulting injury . . . whether by way of departure from statutory requirements or from those of due process of law.' [*Inland Empire Council District* v. *Millis,* 325 U.S. at page 700, 65 S. Ct. at page 1318, 89 L. Ed. 1877.] We think the required showing is presented in these cases."

Many of the authorities cited by the defendant union in its brief are claimed to be pertinent on the apparent assumption that plaintiff is appealing at this time for a judicial review of the defendant board's action, but for the reasons stated above such is not the case, and *Imperial Laundry* v. *Labor Relations Board,* 143 Conn. 457, *McNish* v. *American Brass,* 139 Conn. 44, and *A. B. Distributing Co.*

v. *Labor Relations Board,* 14 Conn. Sup. 72, and other authorities cited by defendant do not control.

Defendant's claim that the complaint "fails to establish any interest, legal or equitable, by reason of danger of loss or of uncertainty as to plaintiff's rights" really amounts to an assertion that plaintiff has failed to state a cause of action under § 277 (a) of the Practice Book—in effect, a demurrer, and there is serious doubt as to whether such a pleading is a proper one in an action for a declaratory judgment; *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130; especially since there is no prayer for coercive relief in this plaintiff's complaint. *Hill* v. *Wright,* 128 Conn. 12, 16. The case last cited, as well as *Larkin* v. *Bontatibus,* 145 Conn. 570, 575, would also seem to answer defendant's argument that plaintiff should not maintain the present action because of the existence of other remedies.

The plea in abatement of this defendant is overruled.