[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
Leone, Throwe Nagle for plaintiff.
Thomas P. Byrne for defendant. CT Page 5759
The plaintiff, on January 11 and January 12, 1994 served this process on various persons appealing the doings of the Inland Wetlands and Watercourses Commission of the Town of Burlington, granting to the defendant A. Audi Sons a permit with conditions to restore Wetlands on Lake Como. The decision was published on December 28, 1993. The process was returned to Court January 21, 1994. The Commission filed its appearance on February 1, 1994. The Commission filed its answer on March 21, 1994.
On April 7, 1994 the Commission filed this "motion to dismiss the appeal of the plaintiffs because of their failure to serve notice of their appeal on the Commission as required by the provision of Section 22a-43(a) of the General Statutes."
The defendant A. Audi Sons filed a motion to dismiss on April 22, 1994 claiming that the process "was not returned to court prior to the return date and has apparently never been returned to court." Dealing with that matter first, the record demonstrates that the return date was February 8, 1994, and that the process was returned to court January 21, 1994, which is greater than six days prior to the return date; i.e. "at least six days prior to the return date." General Statutes § 52-46a. Hence the motion to dismiss on those grounds is denied.
As to the motion of the Commission to dismiss on the grounds that the Commission was not served, the Court heard evidence on that motion. The sheriff's return states that he left the process "at the usual place of abode of the within named defendant Jonathan Schwartz at 39 Village Lane in the said Town of Burlington." It is conceded that Jonathan Schwartz is the Chairman of the Commission and that he, as well as the Town Clerk of Burlington were named in the direction of summons as persons upon whom process was directed to be served. It is not contested, as appears on the face of the return, that the sheriff did in fact make timely service upon the town clerk.
The Court finds, from the evidence, that the sheriff mistakenly left the process at the home of one Mr. Melvin Brown, the next door neighbor of the chairman. Mr. Brown resides at the single family house at number 37 Village Lane. Mr. Schwartz, the Chairman, lives at the single family house at number 39 Village CT Page 5760 Lane. The mistake was discovered some days later when Mr. Brown, upon opening his inside front door, found the papers inside the screen door, between it and the inside door. Hence process was not served upon Chairman Schwartz by leaving a copy with him or at his usual place of abode.
Discussion
The parties are at issue as to whether failure to serve a necessary party would be a matter of subject matter jurisdiction or a matter of personal jurisdiction. It is clear that failure to serve a necessary party in an administrative appeal is a matter of subject matter jurisdiction. See Shapiro v. Carothers, 23 Conn. App. 188,189, 190 (1990). Consequently, "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after the suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." Practice Book § 145. Practice Book §§ 142 and 144 pertaining to the necessity of filing a motion to dismiss within thirty days of the filing of an appearance pertain to matters ofin personam jurisdiction, which can be waived. Lack of subject matter jurisdiction cannot be waived.
General Statutes § 22a-43(a) provides that "Notice of such appeal shall be served upon the inland wetlands agency. . . . This statute, however does not define the person or persons upon whom service may be made to accomplish the activity of service upon the inland wetlands commission.
The defendants claim that service must be made upon the Chairman of the agency. The defendants cite no authority for the proposition that service must be made upon the Chairman or any other member or staff of the Commission. The General Statutes are totally silent as to the designation of any such person as a person who may accept service of process for the agency.
The defendant cites, by analogy the provisions of the Zoning Statutes contained in Chapter 124, Zoning, § 8-1 through 8-30a, and the various cases relating to service of process in zoning matters. That reliance is misplaced. General Statutes 8-8(e) specifically provides that in zoning matters service of process is to be made on the chairman or clerk of the zoning board. Not only does General Statutes 22a-43 fail to direct service upon any person affiliated with the wetlands Commission, but the statute specifically refers to § 8-8 on other contexts, thereby compelling the CT Page 5761 conclusion that if the legislature had wished to designate members of the commission as persons upon which service could be made, similar to zoning matters, the legislature would have directly or by reference incorporated such provision as part of General Statutes 22a-43.
The court further notes that Zoning Commissions have substantially greater autonomy in the regulating of zoning activities than do Wetlands Agencies. General Statutes § 8-2 provides that a Zoning Commission "is authorized to regulate." Conversely, the municipality may or may not accept the Wetlands regulations as part of their ordinances, in whole or in part. General Statutes22a-42(e). The inherent wetlands authority is in essence the function of the municipality. See General Statutes § 22a-42. Further, the decision appealed from is described in General Statutes § 22a-43
as a decision of ". . . the Commissioner, district or municipality . . .," and is treated as a decision of the municipality rather than the decision of an autonomous independent authority. ("Commissioner" means the Commissioner of Environmental Protection. General Statutes § 22a-38(1).)
The General Statutes provide no specific means for serving of process upon an Inland Wetlands Agency. It is obvious that the legislature could not have intended to create a right of appeal without providing for a person, upon whom process can be served, so as to cause the right of appeal to be meaningless.
General Statutes § 52-57 provides for service of process against a town. The Agency is not a municipal or a quasi-municipal corporation so as to allow service upon its presiding officer or managing agent. See Larkin v. Bontatibus, 145 Conn. 570, 576
(1958), for the definition of a quasi-municipal corporation.
The Court concludes that service of process upon the Town Clerk of the Town of Burlington, properly accomplished per the sheriff's return, is adequate to accomplish service upon the town's agency, the Inland Wetlands and Watercourses Commission of the Town of Burlington. The Court is in agreement with the opinion of Judge Fuller in his analysis of this question. See Fuller, "Land Use Law and Practice," p. 464. The fact that the attorney for the plaintiff directed the sheriff to serve both the Town Clerk, and also the Chairman of the Commission as an added precaution, bearing in mind an arguable issue, does not alter the Court's conclusion. "Every presumption which favors the jurisdiction of the Court should be indulged." Fairfield LumberCT Page 5762 Supply Co. v. Herman, 139 Conn. 141, 144 (1952).
The motions to dismiss filed in this case are each denied. CT Page 5763
[EDITORS' NOTE: CT Page 5763 to 5779 are blank.] CT Page 5780