[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#119)
On October 4, 1994, the plaintiff, Robert J. Lombardi, filed a nine count complaint against the defendants, the Old Saybrook Planning Commission (the Planning Commission) and the Town of Old Saybrook (the Town). On September 25, 1995, the plaintiff's motion to cite in the Old Saybrook Zoning Commission (the Zoning Commission) and the plaintiff's request for leave to amend their complaint were granted.
The plaintiff's second amended complaint, consisting of ten counts, arises out of the Planning Commission's April 1994 amendments to the Old Saybrook Subdivision Regulations and the Zoning Commission's April 1995 amendments to the Old Saybrook Zoning Regulations (the Regulations) which both establish criteria for a minimum area of buildable land. The plaintiff seeks a declaratory judgment determining whether the Regulations approved by the Planning Commission are invalid in that they constitute a usurpation of the powers vested in the Zoning Commission and the Inland Wetlands Commission; have the effect of taking the plaintiff's property without just compensation; constitute an arbitrary and capricious act; are unconstitutionally vague; and conflict with the Old Saybrook Plan of Development. The plaintiff also seeks a declaratory judgment determining whether the Regulations approved by the Zoning Commission are invalid in that they constitute a taking of the plaintiff's property without just compensation; constitute an arbitrary and capricious act; are unconstitutionally vague; and conflict with the Old Saybrook Plan of Development. Additionally, the plaintiff seeks a declaration that the Regulations are invalid in that both the Planning Commission and the Zoning Commission failed to state on the record the reasons for the adoption of the Regulations and failed to provide adequate notice of the public hearings and decisions relative to their adoption. CT Page 2685
On October 27, 1995, the defendants filed a motion to strike the complaint in its entirety on the grounds that it fails to state a claim upon which relief can be granted in that the prayer for declaratory relief is legally insufficient and there are no substantial questions or issues in dispute. Alternatively, the defendants move to strike the second count of the complaint on the grounds that the regulatory takings claim contained therein is legally insufficient in that it is not ripe for adjudication.
"The motion to strike . . . challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted." Doe v. Marselle, 38 Conn. App. 360,363, 660 A.2d 871, cert. granted in part, 235 Conn. 915,665 A.2d 606 (1995). A claim that "before trial . . . assuming the truth of the allegations in the complaint, the relief sought [cannot] be legally awarded to the plaintiff" is properly raised by a motion to strike. Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 257 (1984). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
The plaintiff claims that the Regulations prevent him from developing his land since the minimum area criteria established by the Regulations precludes him from subdividing his land into four parcels. The plaintiff has not been denied an application to subdivide and does not presently have an application to subdivide pending before the Planning Commission.
The defendants argue that because the plaintiff has not had an application for subdivision denied by the Planning Commission, there is no substantial question or issue in dispute between the parties. Further, the defendants claim that it is pure speculation on the plaintiff's part that the Regulations will prevent him from subdividing his property into four building lots. Since a declaratory judgment may be sought only where a justiciable controversy exists, the defendants argue that the plaintiff's claim for a declaratory judgment must be stricken.
"The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § 390, is to `secure an adjudication of rights where there is a substantial question in CT Page 2686 dispute or a substantial uncertainty of legal relations between the parties.'" Bombero v. Planning Zoning Commission, 40 Conn. App. 75,78, ___ A.2d ___ (1996), quoting Connecticut Assn. of HealthCare Facilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743
(1986). "The provision that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear a sufficient practical need for the determination of the matter." Larkin v.Bontatibus, 145 Conn. 570, 575, 145 A.2d 133 (1958). "The remedy by means of declaratory judgements is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purposes underlying such judgments. One great purpose is to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights . . . . Fully to carry out the purposes intended to be served by such judgments, it is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening." Id.
"[G]eneral attack[s] upon land use regulations . . . should be the subject of a declaratory judgment action rather than an appeal from the denial of an application submitted pursuant to those regulation." Cioffoletti v. Planning Zoning Commission,209 Conn. 544, 563, 552 A.2d 796 (1989). In fact, "[i]f the plaintiff had filed a subdivision application with the defendant commission in an attempt to determine conclusively whether the regulation prohibited him from subdividing his property, he could not have simultaneously appealed from the denial of that application and also attacked the constitutionality of the zoning regulation."Bombero v. Planning Zoning Commission, supra, 40 Conn. App. 82;Bierman v. Planning Zoning Commission, 185 Conn. 135, 139,440 A.2d 882 (1981).
In the present case, the plaintiff is the owner of property that has the potential for subdivision. The Regulations call into question the plaintiff's ability to subdivide this property. Since the plaintiff by this action generally attacks the constitutional validity of the Regulations and has not already been denied an application under the Regulations, a declaratory judgment is the form of relief intended to address the validity of land use regulations. Consequently, the defendants' motion to strike the complaint in its entirety is denied.
Alternatively, the defendants have moved to strike the second count in which the plaintiff alleges that the Regulations have the effect of taking his property without just compensation and without CT Page 2687 due process of law. In this count, the plaintiff alleges that the Regulations preclude him from developing his property. The defendants argue that, because the plaintiff has failed to allege that the Regulations will not allow any reasonable alternative use of his property, the regulatory takings claim is legally insufficient and must be stricken.
"Before being entitled to judicial review of his takings claim, the plaintiff has the burden of showing that he has been finally deprived by the commission of the use of his property. . . . As a threshold matter, the plaintiff thus bears the difficult burden of proving that the commission will not allow any reasonable use of his property." (Citations omitted.) DeBeradinisv. Zoning Commission, 228 Conn. 187, 197, 635 A.2d 1220 (1994). "[A] final deprivation has occurred when there [are] no economically viable uses of the land . . . . or there has been a practicable confiscation of the entire property." (Citations omitted.) Smith v. Zoning Board of Appeals, 227 Conn. 71, 100,629 A.2d 1089 (1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1190,127 L.Ed.2d 540 (1994). "[U]ntil it appears that the plaintiff has been finally deprived . . . of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation." (Internal quotation marks omitted.) Luf v. Southbury, 188 Conn. 336,351-52, 449 A.2d 1001 (1982).
The plaintiff, by merely stating that the Regulations prevent him from developing his property, fails to allege sufficient facts which show how the Regulations deny him any reasonable and economically viable use or his land. Thus, the plaintiff has failed to meet his burden of proof. Consequently, the facts alleged in the second count are legally insufficient to sustain a claim of regulatory taking of property without just compensation. Accordingly, the defendants' motion to strike the second count is granted.
In sum, since a declaratory judgment is the appropriate action to resolve the legal uncertainties alleged by the plaintiff throughout his complaint, the defendants' motion to strike the complaint in its entirety is denied. However, since the allegations in the second count are legally insufficient to establish a claim of regulatory taking, the defendants' motion to strike the second count is granted.
BY THE COURT: CT Page 2688
__________________ STANLEY, J.