UNITED STATES FIDELITY & GUARANTY COMPANY v.
SPRING BROOK FARM DAIRY, INC., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 77993

Memorandum filed December 30, 1946

*Shapiro & Daly,* of Bridgeport, for the Plaintiff.

*Kirkham, Camp, Williams & Richardson,* of New Britain, for the Defendants.

INGLIS, J. The complaint in this action alleges that the plaintiff has insured the named defendant both against liability arising out of the use of motor vehicles owned by it and also by a policy for workmen's compensation insurance; that one Andrew J. Anderson, the other defendant's decedent, was injured while riding on a truck which was being operated by an employee of the named defendant, said Anderson then having been employed by said employee to assist him in making deliveries; that the defendant Anderson claims that his decedent was not an employee of the named defendant and has threatened to start suit against that defendant; and that there is an actual and substantial question in dispute among the parties as to the question whether at the time of the accident said Anderson was an employee of the named defendant or not. The prayer is for a declaratory judgment on that question. It is apparent that a declaratory judgment on that question would be of assistance to the plaintiff as a guide to its future conduct. If it should be determined that Anderson was not an employee of the Spring Brook Farm Dairy, then the plaintiff and the defendants will be advised that the liability policy covers the situation. If, on the other hand, they are advised that Anderson was an employee, then they will know that only the workmen's compensation policy covers. In other words, the plaintiff has an interest in the determination of these rights and relationships "by reason of loss or uncertainty as to" them.

The defendant Anderson has demurred to the complaint on six grounds, which group themselves into three categories.

The first and second grounds of demurrer are in substance, that the issue of coverage and all other questions with respect to the liability policy can as well be litigated in a suit brought by Anderson, and therefore there is no necessity for a declaratory judgment. The same thing might as well be said concerning most actions for a declaratory judgment, and it has been held frequently that the fact that the same issues may be decided in an action for damages or in equity does not deprive a party of his right to a declaratory judgment under the declaratory judgment statute. General Statutes, § 5334; *Kievman* v. *Grevers,* 122 Conn. 406, 411; *Sigal* v. *Wise,* 114 Conn. 297. An action for a declaratory judgment is statutory, not equitable. Accordingly, the equitable principle that equity will not act if there is an adequate remedy at law, as applied in the equity action of *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117,

does not apply in an action brought under the statute. If, in the present action, the plaintiff can get an adjudication that Anderson was an employee of the other defendant, it thereby saves itself the trouble of defending an action for personal injuries with all of the issues of negligence, contributory negligence and proximate cause which such an action involves. It was for the purpose of permitting just such a saving of effort that the declaratory judgment statute was passed.

The fifth ground of demurrer is that the defendant Anderson has no present controversy with the plaintiff, and whether he has any controversy in the future depends on a contingency, i. e,. his recovery of a judgment against *Spring Brook Farm Dairy*. So far as his having no present controversy is concerned, it is apparent that he does. If he has a cause of action against Spring Brook Farm Dairy for negligence, it follows that he is subrogated to that defendant's rights under the liability policy. So, from the moment of the accident, he had a claim against the plaintiff. In the same way, if he is entitled to workmen's compensation as a result of the accident, he has at present a claim against the plaintiff directly as the insurer.

It is true that the validity and collectibility of those claims, respectively, depend on the contingency of how the court may determine the question whether he was an employee and the questions of negligence. However, that does not make the claim itself contingent. The validity of the respective claims depends in reality upon the facts as they are, and after those facts are determined the validity of the claims does not depend upon the happening of some future event which may or may not happen.

And even though the claims were contingent upon the happening of some future event, if that event were likely to happen an action for a declaratory judgment would lie. *Hill* v. *Wright*, 128 Conn. 12, 19; *Moeller* v. *English*, 118 Conn. 509.

The third group of grounds is set up in paragraphs 3, 4 and 6 of the demurrer. These grounds are that a declaratory judgment in this case would not prevent another action, that it would not permit the determination of the issues by a jury, and that the determination of "a single subsidiary issue of several raised by the defendant Anderson's primary cause of action would clutter the procedure and unnecessarily burden the Court." In so far as these contentions have any validity at all, they go to the exercise of the discretion to refuse a declaratory judgment

which is vested in the court by § 250(c) of the Practice Book. *U. S. Fidelity & Guaranty Co.* v. *Savoy Grill,* 51 Ohio App. 504; *State Farm Mutual Auto Ins. Co.* v. *Wise,* 277 Mich. 643. The discretion of the court in such a matter may not be exer-cised in a ruling on demurrer but should only be exercised after full hearing of the case. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96.

For the foregoing reasons the demurrer of the defendant Anderson is overruled.