HARDWARE MUTUAL CASUALTY COMPANY ET AL. *v.* ALFRED N. PREMO ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 135267

Memorandum filed February 6, 1964

*Wiggin & Dana* and *William L. Hadden,* of New Haven, for the plaintiffs.

*Cooney & Scully* and *Robinson, Robinson & Cole,* of Hartford, for defendants The Aetna Casualty and Surety Company, The Hartford Accident and Indemnity Company and The Travelers Insurance Company.

*Harold M. Mulvey,* attorney general, and *Louis Weinstein,* assistant attorney general, for the named defendant.

HOUSE, J. This is an action brought in two counts by ten mutual insurance companies doing business in this state against three domestic stock insurance companies and the Connecticut insurance commissioner. The first count seeks a declaratory judgment as to the constitutionality of Public Act No. 347, enacted by the General Assembly in 1963, relating to the regulation of casualty and property insurance rates. By way of relief, the plaintiffs in the first count also pray that, if Public Act No. 347 is found invalid and void, an injunction issue restraining the defendant commissioner from approving any filings made pursuant thereto and directing him to revoke or rescind any orders theretofore issued approving filings pursuant to the provisions of Public Act No. 347. The substituted second count seeks a declaratory judgment to determine the validity and enforceability of a certain notice or exhibit originally issued by the commissioner under

date of June 27, 1963, and subsequently revised. These documents were entitled "Notice to Rating Bureaus and Companies Which May File Rating Plans" and included, as supplemented, copies "of a revised exhibit indicating the minimum premium levels by line of insurance which this department feels it can accept as eligibility criteria in rating plans permitted by Public Act No. 347." The later "notice" also carried the further notation, "We wish to emphasize that this information is intended to be by way of preliminary guide lines to filers and does not constitute prejudgment of any plan that may be filed with this department."

In addition to seeking a declaratory judgment as to "whether or not such exhibits are invalid, void and unenforceable," the second count, like the first, seeks by way of further relief, if they are determined to be invalid, void and unenforceable, an injunction restraining the defendant commissioner from enforcing them and requiring him to revoke or rescind any orders already entered approving any filings pursuant thereto.

At this point it is unnecessary to consider in detail the provisions of Public Act No. 347. It suffices to note that it amends portions of chapters 679 and 682 of the General Statutes relating to regulation of certain insurance rates. See §§ 38-116, 38-187, 38-189 (e). It is entitled "An Act concerning the Establishment of Rates of Insurance Purchased by the State" and permits the modification of insurance rating plans to produce rates of individual risks which "provide for recognition of variations in hazards or in expense requirements, or both," and which "may include application of the judgment of the insurer and may measure any differences among risks that can be demonstrated to have a probable effect upon losses or expenses." The act

further provides that each rating plan shall establish appropriate eligibility criteria for determining significant risks which are to qualify under the plan and that all such plans shall be at all times subject to the approval of the insurance commissioner and "shall include as an eligible significant risk the state of Connecticut or its instrumentalities."

The defendants have filed a demurrer to each count of the complaint, the grounds of demurrer being divided into three principal parts. Part I, addressed to the first count (plaintiffs' claim of unconstitutionality), rests upon the assertion that the plaintiffs have failed to comply with the notice provisions for declaratory judgment actions contained in § 309 (d) of the 1963 Practice Book and the further assertion that the plaintiffs have failed to meet the requirements of § 52-105 of the General Statutes, relating to class actions. Part II raises the same objections to the substituted second count that Part I raises to the first count. Part III raises the further objections to the substituted second count that the plaintiffs failed to exhaust their administrative remedies before seeking a judicial determination as to the validity of the exhibits, and, in brief, that the substituted second count fails to allege a justiciable case or controversy.

It may be noted at the start that "[a] demurrer to a complaint for a declaratory judgment is proper when the facts alleged do not bring the case within the scope of the statute and rules relating to declaratory judgments." *Buxton* v. *Ullman,* 147 Conn. 48, 50. It is also proper to demur to a complaint for a declaratory judgment which also contains a prayer for coercive relief since, under such circumstances, it is essential for the plaintiff to state a cause of action not only for a declaratory judgment but also for the coercive relief. *United Na-*

*tional Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130; see also *Heiberger* v. *Clark,* 148 Conn. 177, 184.

Also, the basic principles which must always govern the determination of a demurrer must constantly be borne in mind: the demurrer admits the material allegations of the pleading to which it is addressed, the allegations of the pleading under attack must be tested by the facts provable under them, and they must be given the same favorable construction that a trier might deem itself required to give in admitting evidence under them to prove the facts asserted. *International Union* v. *General Electric Co.,* 148 Conn. 693, 697.

## PARTS I and II

As already indicated, Parts I and II of the demurrer attack both counts on the ground that the complaint fails to comply with the requirements of § 52-105 of the General Statutes and § 309 (d) of the Practice Book. Section 52-105 provides as follows: "When the persons who might be made parties are very numerous, so that it would be impracticable or unreasonably expensive to make them all parties, one or more may sue or be sued or may be authorized by the court to defend for the benefit of all." It may also be noted that the language of § 52-105 has been adopted as § 52 of the 1963 Practice Book. Section 309 (d) of the 1963 Practice Book provides: "The court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

Paragraphs 7 and 8 are the same in both counts. Paragraph 7 expressly alleges that the plaintiffs are insurance companies engaged in the business of writing insurance in Connecticut and subject to

regulation under chapters 679 and 682. Paragraph 8 alleges that the three defendant companies are also engaged in writing insurance in Connecticut and subject to the same regulation. It is further alleged: "Plaintiffs and said defendants and all other insurance companies which write said types of insurance in the State of Connecticut compete with each other. It would be impractical and unreasonably expensive to make all insurance companies writing any of the foregoing several types of insurance in Connecticut parties in this action and the companies named as plaintiffs and defendants are competent to participate in this action on behalf of all such companies as authorized by section 52-105 of the General Statutes (1958 Revision)."

The truth of this allegation is, of course, admitted by the demurrer. *International Union* v. *General Electric Co.,* supra. While the words "are competent to participate in this action" are open to interpretation, nevertheless it cannot be held as a matter of law that the allegation as it stands, with the specific reference to § 52-105 of the General Statutes, is not sufficiently broad to permit the plaintiffs to establish that all of the necessary prerequisites for a "class'" action are present. This is particularly so in the light of the existing broad statutory powers to cite in new and additional parties (see §§ 52-103 and 52-107) and the express authority contained in § 52 of the Practice Book and in § 52-105 of the General Statutes (expressly alleged in paragraph 8 of both counts) for the court upon proper application to authorize one or more parties to defend for the benefit of all. At this stage in the proceedings and necessarily before any evidence is introduced to support or contravene the allegations of paragraph 8 of the complaint, the court cannot determine whether the plaintiffs will be able to prove those allegations. For the

purposes of the demurrer the truth of the allegations is admitted. This being so, and the plaintiffs having broadly alleged in paragraph 8 that the circumstances of the parties are such as to bring the action within the provisions of § 52-105 of the General Statutes, the demurrer of defendants so far as it is based upon a claim that the complaint does not comply with the provisions of that statute must be overruled.

The second ground of demurrer is, of course, closely related to the previous discussion in that it partly involves the question of necessary parties. As already noted, this is an action for a declaratory judgment which seeks, in addition to the declaratory judgment, coercive relief primarily directed against the defendant insurance commissioner but secondarily involving the possibility of rights of undisclosed parties. This arises from the prayers for injunctive relief. The first count seeks an injunction not only restraining the commissioner from approving any filings made pursuant to Public Act No. 347 but directing him to revoke and rescind forthwith any orders already issued approving such filings. The second count similarly seeks an injunction not only restraining the commissioner from enforcing the provisions of certain exhibits but requiring him to revoke and rescind any orders already entered approving filings made pursuant to such exhibits. Quite obviously, any insurance company whose business in this state is subject to regulation by the commissioner under the provisions of Public Act No. 347 has a special interest in these proceedings and in a determination as to the constitutionality and validity of the statute itself and any regulatory proceedings by the commissioner of general application to all companies. Most especially is this true of any company which may have made any "filing" and therefore be affected

by any injunction requiring the commissioner to revoke and rescind any order approving any such filing. " 'By interest, it is observable, is meant something more than is comprised in the most ardent wish or partial feeling. It implies a *right* in the subject of controversy, which a decree, more nearly or remotely, may affect.' *Crocker* v. *Higgins,* 7 Conn. 342, 346." *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation of America,* 151 Conn. 68, 74. The present action is not limited to one seeking a declaratory judgment with respect to the constitutionality of a statute in so far as it affects the plaintiffs alone. It goes much further and seeks equitable relief by way of injunctions directed primarily against the defendant insurance commissioner but with a direct effect upon any insurance company which may have filed, or in the future seeks to file, rates pursuant to Public Act No. 347 and any action taken by the commissioner pursuant to the authorization contained in that act. Even if any such company is not a necessary party (which as previously noted herein cannot presently be decided in ruling on this demurrer in view of the allegations of paragraph 8 of the complaint), it is clear that such companies have "an interest in the subject matter of the complaint" within the meaning of those words in § 309 (d) of the 1963 Practice Book. Unless parties with such an interest "are parties to the action or have reasonable notice thereof," the court will not render a declaratory judgment. Practice Book, 1963, § 309 (d).

The language of Chief Justice Maltbie in *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 484, is particularly pertinent: "As between such a provision as that in the uniform declaratory judgment statute we have quoted and the absence of any requirement that persons having a direct interest

in the subject-matter of the action should be made parties, we have chosen the middle course. Under our rule all such persons even though their presence is not necessary to a decision of the issues between the parties of record are required either to be made parties or to have reasonable notice of the action. Where they are reasonably within the reach of process and are not so numerous that it would impose an unreasonable burden upon the plaintiff they should be made parties; but if they or some of them are not reasonably available for service or to summon them or all of them into the action would put upon the plaintiff a burden he ought not fairly to be asked to assume, the provision for reasonable notice applies. The plaintiff may often accomplish the purpose intended by making parties defendant some of the other persons affected as representing all and securing authority from the court for them to defend in behalf of all. General Statutes . . . [§ 52-105]. Unless all persons who are interested in the subject-matter complained of are made parties, the plaintiff should apply to the court for such an order of notice to all those interested as would constitute reasonable notice to them."

Parenthetically, it may be noted that plaintiffs' brief cites the recent decision in *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation of America,* supra, as one which "squarely accords with the proposition that plaintiffs had no duty to join or give notice to any party except the Insurance Commissioner." This interpretation of the opinion hardly accords with the statement at the conclusion of the opinion (p. 79) that the two justices who dissented in part "concurred in the result and in the opinion as written so far as it is based upon the grounds that the plaintiff . . . (3) could not be entitled to a declaratory judgment since it failed to give legal notice to the architectural

examining board or any of the individuals who would be affected by such a judgment."

The court has examined with care the other cases cited in the plaintiffs' brief as authority in support of their contention that in declaratory judgment actions involving the validity of statutes it is sufficient to name only the commissioner involved, so they need not join or give notice to other companies which will be affected by their claim for relief that the court in this action order the defendant commissioner to revoke and rescind forthwith any orders already issued pursuant to Public Act No. 347 and restraining him from approving any future filings. These cases do not support the contention of the plaintiffs. In not one of them was affirmative relief sought which would directly and by an express order of the court affect the rights or contracts of any other party, much less affect them in such a direct fashion as to require the commissioner to revoke or rescind any approval already issued to such a party. In each of the cases cited, it appears from the complaints that the plaintiff sought a declaratory judgment with respect to the validity of the statute in question, and any requested injunctive relief was limited to enforcement of the statute in question (if it should be determined to be invalid), only as against the plaintiff. See *Roan* v. *Connecticut Industrial Building Commission*, 150 Conn. 333 (A-416 Rec. & Briefs, back of p. 6); *Buxton* v. *Ullman*, 147 Conn. 48 (A-380 Rec. & Briefs, back of p. 5); *United Interchange, Inc.* v. *Spellacy*, 144 Conn. 647 (A-358 Rec. & Briefs, back of p. 456); *Spector Motor Service, Inc.* v. *Walsh*, 135 Conn. 37 (A-245 Rec. & Briefs 370); *Sage-Allen Co.* v. *Wheeler*, 119 Conn. 667 (A-66 Rec. & Briefs, back of p. 226).

Where, as in this case, other insurance companies have a direct interest in the subject matter

of the action and the plaintiffs seek a court order which would require the defendant insurance commissioner to act with respect to the questioned statute not only as it affects the plaintiffs but as it affects any other insurance company which may have or will seek an order from the commissioner pursuant to the provisions of the statute, the rule as explained in *National Transportation Co.* v. *Toquet,* supra, applies, and it is necessary for the plaintiffs either to make such companies parties or, if to do so would put a burden on the plaintiffs which they ought not fairly to be asked to assume, then "the provision for reasonable notice applies." Since such companies have not been made parties, nor have they been given notice, nor have the plaintiffs secured from the court authority for certain defendants to defend in behalf of all, there has not been a compliance with the requirements of § 309 (d) of the 1963 Practice Book, the court will not render the declaratory judgment sought, and the demurrer must therefore be sustained on this ground as to both counts.

## PART III

There remains for consideration Part III of the demurrer, addressed only to the substituted second count. This further demurrer to the substituted second count is on seven grounds which may be briefly summarized: (a) The plaintiffs have not attempted to contest the validity, legality and enforceability of the exhibits before the commissioner, nor have they initiated, much less exhausted, their administrative remedies as provided by the insurance laws, and therefore they cannot maintain this cause of action but must first seek redress through these administrative remedies. (b) It appears from the allegations of the said count and from the exhibits that the first exhibit was with-

drawn and superseded by the second. (c) It appears from the allegations of the said count and from the exhibits that neither of the exhibits is or embodies any regulation of the insurance department or purports to be or embody any such regulation; that neither was adopted in the manner prescribed by §§ 4-41 to 4-50 of the General Statutes, relating to regulations of state agencies; and that on their face said exhibits are merely preliminary guidelines and are not intended to constitute prejudgment of any rating plan. (d) It does not appear that the exhibits cause or threaten loss or uncertainty to plaintiffs' rights or jural relations in that the plaintiffs do not allege what jural relations are made uncertain by the exhibits or any facts whereby such uncertainty can be determined. (e) It does not appear that plaintiffs' interests are adverse to those of the defendant commissioner, since the plaintiffs merely allege a difference of opinion between themselves and the commissioner as to the validity, legality and enforceability of the exhibits, without further alleging that any action or proceeding founded on the exhibits and affecting the plaintiffs is pending, imminent or threatened. (f) It does not appear that the plaintiffs' interests are adverse to those of the defendant insurance companies in that the plaintiffs do not allege (1) that the exhibits in any way favor or prejudice either party, or (2) any distinguishing characteristics between said parties or other facts whereby such adversity of interest can be determined. (g) The substituted second count does not allege a case, controversy or justiciable issue within the meaning of the Connecticut Declaratory Judgments Act for the reasons hereinbefore stated.

At this point, it is well again to note carefully some general principles with regard to actions for declaratory judgments. They are well summarized

in *Lipson* v. *Bennett,* 148 Conn. 385, 388: "An action for a declaratory judgment is a special statutory proceeding implemented by the rules of court. General Statutes § 52-29; Practice Book . . . [1963, §§ 308, 309]. The object of the action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations which requires settlement between the parties. Practice Book . . . [1963, § 309 (b)]; *Hill* v. *Wright,* 128 Conn. 12, 15 . . . . The complaint should allege such a dispute or uncertainty and set forth the facts necessary for the determination of the question. *Bania* v. *New Hartford,* 138 Conn. 172, 175 . . . . Our rules provide that the court will not render a declaratory judgment on the complaint of a person 'unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or . . . unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or . . . where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure.' Practice Book . . . [1963, § 309 (a), (b), (c)]. A declaratory judgment may be employed only in solving a justiciable controversy. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158 . . . . There can be no such controversy if the interests of the parties are not adverse. *Aetna Life Ins. Co.* v. *Haworth,* 300 U.S. 227, 240 . . . . The complaint must state facts sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment. 1 Anderson, Declaratory Judgments (2d Ed.) § 257. To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations which requires settlement be-

tween the parties must be alleged. Ordinarily, there should be an assertion in the pleadings by one party of a legal relation or status or right in which he has a definite interest, together with an assertion of the denial of it by the other party, thus setting forth a substantial dispute. Id. § 258."

Turning now to the allegations of the substituted second count, the substance of the complaint is this: The defendant commissioner wrote a letter to the National Council on Compensation Insurance, a rating bureau of which the plaintiff and defendant companies are members, in which he enclosed an exhibit (incorporated into the complaint by reference) in which the defendant commissioner indicated the minimum premium levels by line of insurance which the insurance department "feels it can accept as eligibility criteria in rating plans permitted" by No. 347 of the 1963 Public Acts. Subsequently, this exhibit was expressly modified by the second exhibit, which was a "revised exhibit" indicating the "eligibility criteria." The second exhibit therefore by its terms supplanted the first exhibit. The second exhibit expressly states: "We wish to emphasize that this information is intended to be by way of preliminary guide lines to filers and does not constitute prejudgment of any plan that may be filed with this department."

Paragraphs 10, 11 and 12 of the substituted second count are obviously drafted with care. Paragraph 10 alleges that the plaintiffs claim that the exhibits are not valid and enforceable regulations because they are not reasonable, as required by §§ 38-126 (d) and 38-197 (d) of the General Statutes. Paragraph 11 alleges that the plaintiffs claim that the contents of the exhibits are arbitrary, capricious and unsupported by facts and are not "authorized or supported" by Public Act No. 347. Paragraph 12 of

the complaint alleges that the defendant commissioner claims that such exhibits are valid, legal and enforceable and then further alleges that "he has indicated that he will enforce the contents thereof." It is, also, of course, not without significance that in paragraph 10 the plaintiffs allege that the exhibits are "regulations," referring to §§ 38-126 (d) and 38-197 (d) of the General Statutes. Both sections expressly authorize the insurance commissioner to make reasonable regulations necessary to effect the purposes of the chapters regulating insurance rates.

Section 4-41 of the General Statutes, entitled "Regulations of state agencies; definition," defines the word "regulation" as "the whole or any part of any written statement made by any executive or legislative department or agency of general applicability, designed to implement, interpret or prescribe law or to establish the general policy of such department or agency," and thereafter excludes matters relating solely to internal management of the agency, rules applicable to particular named entities, and matters relating to military or naval functions of the state.

It suffices, for the purposes of determination of this demurrer, to note that the count does allege that the defendant commissioner did issue these exhibits which, while expressly negating any prejudgment of any specific plan which might be filed, indicates the minimum levels which the insurance department "feels it can accept" as eligibility criteria in rating plans permitted by Public Act No. 347. Although the notice emphasizes that the information is intended to be by way of "preliminary guide lines," this reservation is not sufficient to permit this court as a matter of law on a demurrer to rule that the plaintiffs cannot prove their allegations that these notices constitute invalid and unenforceable regula-

tions and that the parties are at issue as to their validity and enforceability. It must always be remembered, as previously noted, that any pleading under attack by demurrer must be tested by the facts provable under the allegations and must be given the same favorable construction that a trier might deem itself required to give in admitting evidence under them. *International Union* v. *General Electric Co.,* 148 Conn. 693, 697.

The defendants have well briefed the general principles of law relating to the necessity for pursuing available administrative relief before recourse to an independent action to test the issues that an administrative appeal was designed to test. It may very well be that upon a hearing on the merits of the present complaint the trial court will conclude that in accordance with this principle and under all the circumstances the parties "should be left to seek redress by some other form of procedure." Practice Book, 1963, § 309 (c). In the light of the present pleadings, however, that cannot presently be determined as a matter of law on demurrer. *Redmond* v. *Matthies,* 149 Conn. 423, 426; *Glens Falls Ins. Co.* v. *Somers,* 146 Conn. 708, 713; see *United States Fidelity & Casualty Co.* v. *Spring Brook Farm Dairy, Inc.,* 14 Conn. Sup. 508, 511. Particularly is this so in this instance when this count is joined with a prior count which expressly raises in the same declaratory judgment action the question of the constitutionality of the statute pursuant to which the exhibits were purportedly issued. It is also significant that the plaintiffs complain that the issuance of these exhibits was unauthorized by Public Act No. 347 in the first instance. There is precedent for the challenging of administrative regulations in declaratory judgment proceedings *(St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712; *National Transportation*

*Co.* v. *Toquet,* 123 Conn. 468; *Sage-Allen Co.* v. *Wheeler,* 119 Conn. 667; *Colonial House, Inc.* v. *Connecticut State Board of Labor Relations,* 23 Conn. Sup. 30), and on demurrer it cannot be held as a matter of law that the count does not properly set forth a good complaint for a declaratory judgment.

The remaining grounds of demurrer boil down to objections that the substituted second count does not meet the requirements of § 309 of the 1963 Practice Book with respect to the necessity for the existence of an interest on the part of the plaintiffs by reason of danger of loss or uncertainty as to their rights or other jural relations and an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties. The demurrer cannot be sustained on these grounds. In the first place, the existence of these conditions precedent has been expressly alleged in the pleading to which the demurrer is addressed and their existence is therefore for the purposes of this preliminary determination admitted by the demurrer. Further, the quotation and language used by *Murphy, J.,* in *Larkin* v. *Bontatibus,* 145 Conn. 570, 575, is apt: " 'The remedy by means of declaratory judgments is highly remedial and the statute and rules should be accorded a liberal construction to carry out the purposes underlying such judgments. One great purpose is to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights, that they may guide their actions accordingly and often may be able to keep them within lawful bounds, and so avoid the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of law suits. Fully to carry out the purposes intended to be served by such judgments, it

is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening.' *Sigal* v. *Wise,* 114 Conn. 297, 301 . . . . The provision that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear a sufficient practical need for the determination of the matter. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 409 . . . ."

This court cannot as a matter of law on this demurrer rule that this is not the case here, and Part III of the demurrer, addressed solely to the substituted second count, is overruled.

Accordingly, therefore, the demurrer is sustained as to Section I, addressed to the first count of the complaint; is sustained as to Section II, addressed to the substituted second count of the complaint; and is overruled as to Section III, addressed to the substituted second count.