[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 1, 1995, the plaintiff, Rachelle E. Calm, filed a six count complaint against the defendants Robert Angelo, MDA Hamden Associates Limited Partnership (Partnership), MDA Hamden CT Page 12989 Corp (Corporation), and Benjamin Morris, alleging a number of actions arising from a contract to purchase a condominium in an area entitled "The Commons at Mill River, a Common Interest Ownership Development" (Mill River Development). On April 3, 1995, the plaintiff filed a first amended complaint.
The plaintiff alleges the following facts in her complaint. On or about May 18, 1994, the plaintiff, at the request of Angelo, a licensed real estate broker, signed a sale document for the purchase and sale of a condominium unit in the Mill River Development. The plaintiff, however, "was not provided with the Public Offering Statement required by Sec. 47-269 . . . on or before the date of the sale document, nor did the plaintiff receive a countersigned copy or duplicate of the sale document to indicate that the seller agreed to the purchase and sale terms contained in the sale document." (Plaintiff's complaint, fifth count, ¶ 3.)
The sale document contained changes including "a change to eliminate the mortgage contingency provision that would have made the obligations of purchase contingent upon the plaintiff obtaining a mortgage." (Plaintiff's complaint, fifth count, ¶ 4.) The broker, Angelo, knew that the "plaintiff intended to use money from the sale of her residence to pay a substantial part of the purchase price required by the sale document, and in order to induce her to list the property with him he promised and assured the plaintiff he would have her house sold in time to purchase the condominium unit with the sale proceeds." (Plaintiff's complaint, fifth count, ¶ 5.) As a result of his representations, the plaintiff entered into a listing agreement with Angelo.
Angelo, after a request from the plaintiff, provided the plaintiff with a copy of the Public Offering Statement. The Public Offering Statement is materially false in that it "represented matters which may have existed at an earlier time for an earlier owner and an earlier successor declarant, but which were not true nor accurate for the time the document was presented to the plaintiff, nor for the current successor declarant or the entity from whom plaintiff intended to make her purchase." (Plaintiff's complaint, fifth count, ¶ 8(g.).) Moreover, "all of the defendants knew and by the exercise of reasonable care should have known that the Public Offering Statement was materially false. . . ." (Plaintiff's complaint, fifth count, ¶ 9.) CT Page 12990
After signing the sale document the plaintiff gave Angelo $9,515 for a deposit on the condominium unit and for the purchase utilities. The plaintiff further alleges that Angelo paid the money to Morris, or one of the defendants designated by him, in return for a promise by Morris that Angelo "would be held harmless from any cost or expense resulting from delivering the monies out of escrow without the plaintiff's permission." (Plaintiff's complaint, fifth count, ¶ 11.)
No closing took place because the condominium unit was not completed; shabby and unworkmanlike work was observable in various parts of the unit; and Angelo failed to sell the plaintiff's home in time to provide funds for the purchase. "Thereafter, the defendants sold the unit to someone else at a higher price, but without the plaintiff's consent or agreement and without first tendering a deed to the plaintiff and without first complying with Sec. 47-269(a) . . . requiring the seller to deliver to the plaintiff a Public Offering Statement that materially conforms to Chapter 828, Part IV of the Common Interest Ownership Act as a prior condition for conveyance to the plaintiff." (Plaintiff's complaint, fifth count, ¶ 13.) The defendants have failed to return the plaintiff's $9,515 deposit.
The plaintiff further alleges that "Angelo knew and should have known that he might not be able to make the timely sale as represented; that the seller of the condominium unit would require the plaintiff to purchase the unit whether or not her residence was timely sold; and that the seller would assert a forfeiture of the monies plaintiff had placed in escrow." (Plaintiff's complaint, fifth count, ¶ 16.) "The actions of the defendants, acting severally and in concert were deliberately negligent, heedless, and without regard to the rights and sensibilities of the plaintiff. . . ." (Plaintiff's complaint, fifth count, ¶ 18.)
In the the sixth count the plaintiff alleges that a class action is authorized by General Statutes § 47-278.
The plaintiff requests money damages, punitive damages, attorney's fees, certification as a class action, money damages in favor of the class and against the defendants.
On July 11, 1995, the defendants, Partnership, Corporation and Morris, filed a motion to strike the fifth and sixth counts CT Page 12991 of the plaintiff's first amended complaint on the grounds that neither count has any basis in law.[1] The above defendants[2] filed a memorandum in support of the motion to strike, and the plaintiff filed a memorandum in opposition.
The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
The defendants argue that the facts alleged, whether or not they make out a cause of action against Robert Angelo, do not make out a cause of action against the Partnership, Corporation, and Morris. The crux of the defendants' argument is that count five sounds in negligence; however, the plaintiff has not alleged a duty owed by the defendants to the plaintiff. "Absent an allegation of duty, the Fifth Count amounts to nothing more than a repetition of a contractual breach and does not create a cause of action in negligence." (Memorandum in Support of Motion to Strike Fifth and Sixth Counts.)
"Although a party cannot state the same cause of action twice against the same defendants in the same complaint . . . a motion to strike . . . is not the proper vehicle for the deletion of repetitious pleadings. Rather, a request to revise is the proper vehicle for the deletion of repetitious pleadings." (Citations omitted; internal quotations omitted.) A.C. Nielsen Co. v. WangLaboratories, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 312400 (Feb. 6, 1995, Maiocco, J.);Johnson v. Kaiser Foundation Health Plan, Superior Court, Judicial District of New Haven at New Haven, Docket No. 031241 (May 18, 1994 Gray, J.).
The defendants dispute the fifth count on the grounds that it is repetitious of the breach of contract action alleged in the first and second counts. While this may be true, the defendant should have filed a request to revise, not a motion to strike. Therefore, the motion is denied. CT Page 12992
Count six alleges the existence of questions of law and fact held in common to members of two subclasses of claimants: Those who took title to a condominium unit during the pendency of the action and those who did not take title but suffered a forfeiture of funds. The plaintiff claims a class action is authorized by § 47-278 of the General Statutes.
The defendants argue that the complaint purports to allege a class action. The count fails, however, to recite the allegations of fact that would fulfill the requirement for a class action as specified in General Statutes § 52-105, principally, the class is too numerous and joinder is impracticable. The plaintiff argues that she is not attempting to certify the class, but is bringing allegations based on General Statutes § 47-278, which contains no additional requirements to bring a class action. The plaintiff claims she does not need to allege the elements of a class action if she is not seeking certification.
Section 47-278 of the General Statutes allows a class to come forward and sue under the statute. In order to stand as arepresentative for the class, however, the plaintiff must meet the four prerequisites set forth in Practice Book § 87, one of which is [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable." Practice Book § 87(1). Practice Book § 88 provides that "[a]n action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members and that a class action is superior to other available methods. . . ." The requirements of § 87 must be met before a class action can go forward, which can only mean that to state a cause of action as a class action, the requirements must be met in the complaint.
The plaintiff failed to allege numerosity in her complaint, and therefore the motion to strike the sixth count is granted. InSaphir v. Neustadt, the court granted a motion to strike because the plaintiff had not alleged in its complaint another of the prerequisites listed in Practice Book § 87. Saphir v.Neustadt, 37 Conn. Sup. 46, 48, 429 A.2d 972 (Judicial District of Fairfield at Bridgeport, 1980) (holding that the plaintiff had not alleged Practice Book 87(4), "the representative parties will CT Page 12993 fairly and adequately protect the interests of the class"). The plaintiff's reliance on Hardware Mutual Casualty Co. v. Premo is misplaced. The court held that "it cannot be held as a matter of law that the allegation as it stands . . . is not sufficiently broad to permit the plaintiffs to establish that all of the necessary prerequisites for a `class' action are present."Hardware Mutual Casualty Co. v. Premo, 25 Conn. Sup. 309, 315,203 A.2d 433 (Judicial district of Hartford, 1964). The court required that the prerequisites be met in the complaint. Id. While the plaintiff submits that she has made no application for permission to represent a class or define the class, the plaintiff is attempting to sue in a representative capacity and therefore the motion is granted.
Zoarski, J.