[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONDEFENDANT'S MOTION TO STRIKE
On March 1, 1995, the plaintiff, Rachelle E. Calm, filed a six count complaint against the defendants, Robert Angelo, MDA Hamden Associates Limited Partnership (Partnership), MDA Hamden Corp., and Benjamin Morris, alleging a number of actions arising from a contract to purchase a condominium in an area entitled "The Commons at Mill River, a Common Interest Ownership Development". On April 3, 1995, the plaintiff filed a first amended complaint.
On July 11, 1995, the defendant., Partnership, Corporation and Morris, filed a motion to strike the fifth and sixth counts of the plaintiff's first amended complaint. The court denied the motion to strike the fifth count but granted the motion as to the sixth count. The sixth count alleged that the plaintiff is entitled to bring a class action against the defendants. The court (November 9, 1995, Zoarski, J.) found that the sixth count failed "to recite the allegations of fact that would fulfill the requirement for a class action as specified in General Statutes § 52-105, principally, the class is too numerous and joinder is impracticable." It accordingly granted the defendants' motion to strike this count.
On November 28, 1995, the plaintiff filed a substitute pleading realleging the sixth count of her complaint. In paragraph 16 of her complaint, the plaintiff describes the class as "(a) Those who took title to a condominium unit or who take title to a condominium unit during the pendency of these proceedings, and who are entitled, or will be entitled under Sec.47-269 of the Connecticut General Statutes, regardless of other CT Page 341 damages, to an amount equal to ten per cent of the purchase price of their unit, plus ten per cent of the share, proportionate to their common expense liability, of any indebtedness of the condominium association secured by security interests encumbering the common interest community. . . . (b) Those who did not take title or who do not take title during the pendency of these proceedings to a condominium unit but suffered a forfeiture of funds and expenses related thereto." The plaintiff further alleges that "[t]he class is so numerous that joinder of all members is impracticable."
On December 8, 1995, the defendants filed a motion to strike the plaintiff's substitute pleading on the ground that the pleading does not allege legally sufficient facts to establish that the class is too numerous so that joinder of all of the parties would be impracticable.
"A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Morav. Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988). "A motion to strike may be used to test the sufficiency of allegations establishing the propriety of a class action." Saphir v. Neustadt, 37 Conn. Sup. 46, 48
(Superior Court) (Jacobson, J., 1980).
The defendants claim that merely alleging that "[t]he class is so numerous that joinder of all members is impracticable[,]" as the plaintiff has done in this case, is insufficient as a matter of law to establish the propriety of this class action.
In Hardware Mutual Casualty Co. v. Premo, 25 Conn. Sup. 309,315, 203 A.2d 433 (Superior Court) (House, J.) (1964), the court decided a similar issue. In that case, the plaintiffs alleged: "Plaintiffs and said defendants and all other insurance companies which write said types of insurance in the State of Connecticut compete with each other. . . . It would be impractical and unreasonably expensive to make all insurance companies writing any of the foregoing several types of insurance in Connecticut parties in this action and the companies named as plaintiffs and defendants are competent to participate in this action on behalf of all such companies as authorized by section 52-105 of the General Statutes (1958 Revision)." (Internal quotation marks omitted.) Id. The defendants' demurrer attacked the sufficiency of the above pleading by stating that it failed to set forth facts establishing all of the necessary prerequisites to bring a CT Page 342 class action. Id., 315. The court disagreed and stated that assuming the truth of the above allegations, the statements in the complaint were broad enough "to permit the plaintiffs to establish that all of the necessary prerequisites for a class action are present." (Internal quotation marks omitted.) Id., 315
The plaintiff in the present case has described the class as being all who took or will take title to a condominium unit during the pendency of these proceedings and who are or will be entitled to an award pursuant to General Statutes § 47-269. The class also allegedly includes those who did or will not take title to a condominium unit but have nonetheless suffered a forfeiture of funds and expenses. The plaintiff also alleges that the "class is so numerous that joinder of all members is impracticable." Assuming the truth of these allegations, they set forth legally sufficient facts to permit the plaintiff to establish that all of the necessary prerequisites for a class action are present. Hardware Mutual Casualty Co. v. Premo, supra, 25 Conn. Sup. 315. Therefore, the court denies the defendants' motion to strike the plaintiff's substitute pleading.
SAMUEL S. FREEDMAN, JUDGE