[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: DEFENDANT'S MOTION FOR ORDER OF NOTICE (FILE #111)
The plaintiff seeks a permanent injunction restraining the defendant Commissioner from causing, permitting, or otherwise participating in the killing of deer under one year of age and a judgment declaring that certain acts and practices of the Commissioner, relating to the control of the state's deer population, violate General Statutes Sections 22a-16 and 26-86f. This motion requests that the court order notice, under Prac. Bk. Section 17-55, to the owners of certain private lands and to licensed hunters.
The court conducted a hearing on the instant motion. The parties have filed memoranda of law.
 I.
On December 12, 1997, the plaintiff, Animal Rights Front, filed this action against the Commissioner, Connecticut Department of Environmental Protection (DEP), seeking declaratory and injunctive relief pursuant to the Connecticut Environmental Protection Act (CEPA), General Statutes § 22a 15, et seq. The plaintiff alleges that on January 2, 1996, during a controlled hunt conducted and supervised by DEP at Bluff Point Coastal Reserve (Bluff Point), in Groton, fifty three fawn deer were killed by licensed hunters with knowledge on the part of DEP. Further, that immediately following the termination of the hunt, which lasted eight and one-half days, DEP staff killed one additional fawn deer.
The plaintiff also alleges that on September 18, 1996, the CT Page 1027 DEP conducted and supervised a controlled archery hunt at the Groton Long Point Community Wildlife Refuge (Long Point), during which licensed hunters killed three fawn deer with the knowledge of DEP. Additionally, that at the time of the filing of the complaint, DEP was engaged in a second controlled archery hunt at Long Point.
The plaintiff claims that "[i]n causing, permitting, or otherwise participating in the killing of fawn deer by the implementation of controlled hunts at [Bluff Point] and [Long Point]", the defendant "has violated, is violating, and unless restrained by this court will continue to violate, the provisions of Conn. Gen. Stat. Sec. 22a-16 [in that the defendant's] conduct is reasonably likely to unreasonably impair or destroy the public trust in wildlife, a natural resource of the state. . . ."[1]
The killing of fawn deer is prohibited by General Statutes §26-86f, and any person found violating the statute is subject to criminal penalties.[2]
The plaintiff seeks a declaratory judgment that "the acts and practices of defendant . . . violate Conn. Gen. Stat. Sec. 22a-16
and Conn. Gen. Stat. Sec. 26-86f", and a permanent injunction "restraining the Defendant from causing, permitting or otherwise participating in the killing of deer under one year of age."
Previously, on January 5, 1998, the defendant moved to dismiss this action on the ground that the court lacked subject matter jurisdiction because of (1) the absence of a justiciable controversy, (2) mootness, (3) the plaintiff's lack of standing, (4) sovereign immunity, and (5) the plaintiff's failure to comply with Practice Book § 17-55 [formerly § 390].[3] The defendant argued that the plaintiff was required to give notice to (1) Groton Long Point Association,[4] (2) all other private property owners who permit, or may wish to permit, licensed hunters to hunt deer on their land, and (3) all hunters licensed by DEP. (Defendant's Reply Memorandum, February 3, 1998, pp. 15-17.) The court, at that time, conducted an evidentiary hearing.
By memorandum of decision dated April 14, 1998, a coordinate judge of the Superior Court denied the defendant's motion to dismiss. With regard to other parties and notice, the court stated: "This action is brought only against the defendant. No order against him will have any legal effect on any other parties." CT Page 1028
The defendant now moves for an order of notice to compel the plaintiff to provide notice in accordance with Practice Book § 17-55, claiming that the issue of notice presented is not the same issue presented on the prior Motion to Dismiss. The defendant argues that Groton Long Point Association has a direct interest in the present action because "[a] decision in this case will dictate the direction of deer management and archery hunting for property owners at Groton Long Point . . . [who] may be subject in the future to a lawsuit for their conduct in `causing, permitting or participating in' the killing of [fawn] deer . . . by archery hunters whom they have allowed onto their land." Also, that all private property owners who permit deer hunting on their land have a direct interest in this action because the outcome "could have significant adverse impact on deer management activities on private lands," and such "other property owners in the state who permit hunters to come upon their land may be subject to a similar suit in the event any [fawn deer] are destroyed." Finally, the defendant asserts that notice must be given to all licensed hunters because "hunters who may be subject to criminal penalties, depending on the court's ruling, have an interest in this case," and "those licensed hunters may be forced to defend a future lawsuit brought by the plaintiff . . . ." (Defendant's Memorandum, pp. 7-9.)
The plaintiff opposes the defendant's motion for order of notice, arguing that (1) the issue of notice has already been raised and resolved by the court's ruling on the motion to dismiss, which ruling should be followed as the "law of the case" and (2) a declaration that the defendant's acts and practices with regard to deer management at Bluff Point and Long Point violate CEPA and General Statutes § 26-86f would not abridge or alter the rights of private landowners or licensed hunters who, because of the statutory prohibition against killing fawn deer imposed by § 26-86f, are precluded from asserting any right or interest in killing fawn deer. The plaintiff maintains that "[t]he legislature has already seen fit to prohibit the killing of fawns in Section 26-86f and the scope of that prohibition will not be expanded or altered by any decision in the instant matter."
 II.
"The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice requirement of Practice Book § 390(d) . . . Failure to CT Page 1029 comply with § 390(d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.) Serrani v. Board of Ethics, 225 Conn. 305, 308,622 A.2d 1009 (1993).[5]
A failure to comply with § 390(d), however, does not require dismissal of the plaintiff's action. Id., 309. "A jurisdictional defect relating to notice can be remedied . . . . Once there has been compliance with § 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate." Id., 309-310.
 III.
Defendant maintains that the issue raised in the present motion for order of notice is different from that raised in the prior motion to dismiss. The defendant's argument is unpersuasive. Because proper compliance with § 17-55 is a condition precedent to the court's rendering of a declaratory judgment, a claim that § 17-55 (4) has not been complied with, regardless of form, raises an issue of subject matter jurisdiction. Serrani v. Board of Ethics, supra, 225 Conn. 308.
By raising the issue of notice in present motion, the defendant is again raising an issue of subject matter jurisdiction and, in substance, asking this court to modify the prior ruling of a coordinate judge. "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. Santoro v. Kleinberger, 115 Conn. 631,638, 163 A. 107 (1932). According to the generally accepted view, one judge may in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Citations omitted; internal quotation marks omitted.) Westbrook v. Savin Rock Condominiums Assn., Inc.,50 Conn. App. 236, 239-40, ___ A.2d ___ (1998). On the other hand, "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Breen v. Phelps, 186 Conn. 86, 98-100,439 A.2d 1066 (1982)." (Citations omitted; internal quotation marks CT Page 1030 omitted.) Westbrook v. Savin Rock Condominiums Assn. Inc., supra,50 Conn. App. 241.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739,56 L.Ed. 1152 (1912). New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case . . . in the absence of some new or overriding circumstance." (Citation omitted; internal quotation marks omitted.) Westbrook v. SavinRock Condominiums Assn. Inc., supra, 50 Conn. App. 240.
"It is a fundamental rule that a court may raise and review
the issue of subject matter jurisdiction at any time." (Emphasis added.) Lewis v. Gaming Policy Board, 224 Conn. 693, 698,620 A.2d 780 (1993). In Lewis, our Supreme Court stated: "The obligation of [a later judge] to revisit a claim of lack of jurisdiction . . . tempers the application of the doctrine of the law of the case."
 IV.
Regarding § 17-55 (4), courts have "consistently required strict adherence to this rule." Cavalli v. McMahon,174 Conn. 212, 215, 384 A.2d 374 (1978). "[A]nyone with an interest in the subject matter is entitled to reasonable notice and an opportunity to be heard, whether he supports the plaintiffs' or the defendants' position." Id., 216. "By interest . . . is meant something more than is comprised in the most ardent wish or partial feeling. It implies a right in the subject of controversy, which a decree, more nearly or remotely, may affect." (Internal quotation marks omitted.) Hardware MutualCasualty Co. v. Premo, 25 Conn. Sup. 309, 317, 203 A.2d 433
(1964).
An examination of the case law reveals that courts have found noncompliance with the rule, and ordered more extensive notice,where the declaratory judgment action challenges theCT Page 1031constitutionality or validity of a state or local law, ordinance,or regulation. See, e.g., Cristofaro v. Town of Burlinqton,217 Conn. 103, 584 A.2d 1168 (1991) (declaratory judgment that town planning Commission regulation establishing minimum lot size greater than that established by zoning commission invalid, must notify residents of town but statewide notice not required);CavalIi v. McMahon, supra, 174 Conn. 212 (declaratory judgment that town zoning regulation prohibiting sale of alcoholic beverages within certain radius of other places where alcohol sold invalid, must notify residents of town); State ex rel.Kelman v. Schaffer, 161 Conn. 522, 290 A.2d 327 (1971), overruled in part on other grounds by Serrani v. Board of Ethics, supra,225 Conn. 309 n. 5, (declaratory judgment that statute does not prohibit electors under 21 from holding municipal office and statute defining "elector" unconstitutional, must notify electorate of municipality); Echo Four v. Hill, 3 Conn. App. 118,485 A.2d 926 (1985) (declaratory judgment that certain sections of town zoning regulations invalid, must notify property owners in districts subject to regulations); Hardware Mutual CasualtyCo. v. Premo, supra, 25 Conn. Sup. 309 (declaratory judgment that public act concerning insurance rates unconstitutional, must give notice to other insurance companies because of direct interest in outcome as they may have filed or planned to file rates pursuant to act). Also, where a declaration is sought concerning theinterpretation, scope of application, or current status of astatute, ordinance, or regulation. See, e.g., Kohn v. Town ofWilton, 42 Conn. App. 13, 677 A.2d 985 (1996) (declaratory judgment that statutory due process rights afforded to local fire marshalls relating to termination applies to acting local fire marshalls, must notify other acting local officials); ColonialPenn Ins. Co. v. Patriot General Ins., 45 Conn. App. 630,697 A.2d 694 (1997) (declaration on issue of "whether an insurance company can specifically exclude from coverage a motor vehicle owner while operating the insured motor vehicle" concerns all insurance companies, must notify all insurance companies);Patriot General Ins. Co. v. Normandie, 41 Conn. App. 66,674 A.2d 861 (1996) (declaration on issue of "whether the right of subrogation afforded by General Statutes . . . § 38a-369 exists after the passage of Public Acts 1993, No. 93-297, which repealed § 38a-369" applies to all insurance carriers, must notify all insurance carriers); Commission on Human Rights andOpportunities v. Sullivan Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 02620 (May 22, 1996) (declaration whether statute prohibiting discriminatory housing practices nullifies a landlord's right to collect a CT Page 1032 security deposit or requires unwilling landlord to participate in the federal rental assistance program has far reaching impact, must notify landlords, tenants, HUD, and PHAs throughout the state); Winchester Board of Education v. The W.L. Gilbert SchoolCorp., Superior Court, judicial district of Litchfield, Docket No. 073312 (June 30, 1997) (declaration whether state law gives defendant school unilateral right to establish rate of tuition charged to plaintiff who sends students there, must notify town, which determines education budget, and town's electors, who review budget). Additionally, expanded notice has been orderedwhere a declaration is sought on an issue the determination ofwhich would be equally applicable to similarly situated parties.
See, e.g., Clinton v. Rogers Lake West Shores Assn., Inc.,40 Conn. App. 454, 671 A.2d 855 (1996) (declaratory judgment that defendant obligated to maintain street, must notify all residents living on street); Mannweiler v. LaFlamme, 232 Conn. 27,653 A.2d 168 (1995) (declaratory judgment that defendant violating restrictive covenants in deed by further subdividing, must notify other property owners within subdivision holding deeds with similar restrictions). Finally, where a declaration is soughtthat could result in a loss of rights of an unnamed party. See, e.g., Connecticut Ins. Guaranty Assn. v. Raymark Corp.,215 Conn. 224, 575 A.2d 693 (1990) (declaratory judgment concerning liability coverage under policy issued to tortfeasor, must give notice to injured parties as they have interest in policies insuring tortfeasor's liability to them); AIU Ins. Co. v. Brown,42 Conn. App. 363, 679 A.2d 983 (1996) (declaration that one insurance company was not obligated to pay claim necessarily meant second insurance company was obligated, must notify second insurance company); Engelman v. Connecticut General Life Ins.Co., 38 Conn. App. 134, 658 A.2d 983 (1995) (declaration that life insurance company required to pay proceeds to deceased's estate, must notify named beneficiary on policy who was paid the proceeds); American Home v. Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149399 (March 7, 1997); Silberstein v. S M O Associates, Superior Court, judicial district of New Haven at New Haven, Docket No. 405625 (March 25, 1998) (declaration settling title to real property, must notify unnamed person to whom defendant purportedly granted an option interest in the property).
Courts have found that § 390(d) did not require notice to be given to any persons or parties other than those named where the declaration sought did not concern the constitutionality or validity of a statute, ordinance, CT Page 1033 regulation, but where the declaration instead sought a muchnarrower ruling concerning only the named parties' respectiverights and obligations to each other; see, e.g., Pequot Water Co.v. Brunelle, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 5121 (May 10, 1996) (declaration regarding rights and obligations of parties under lease, no notice required to any unnamed parties); and where thedeclaration sought concerned whether the defendant complied withapplicable law specifically in the defendant's dealings with theplaintiff see, e.g., Leoni v. Water Pollution ControlAuthority, 21 Conn. App. 77, 571 A.2d 153 (1990) (declaratory judgment that defendant's condemnation of plaintiff's property for a drainage easement failed to comply with established taking procedures concerns only interests of named parties, no notice required to be given to town electors). In Shelby Mutual Ins. Co.v. Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 242219 (April 20, 1988), it was held that notice to unnamed parties was not required where the plaintiff requested declaratory relief limited to the parties named, concerned only the parties' respective obligations to each other, would not have wide-reaching impact, and did not raise an issue of public concern in which any unnamed persons had a direct interest.
In the present action, the plaintiff seeks "a judgment declaring that the acts and practices of [the defendant] violate Conn. Gen. Stat. Sec. 22a-16 and Conn. Gen. Stat. Sec. 26-86f." The "acts and practices" of which the plaintiff complains are the "causing, permitting, or otherwise participating in the killing of fawn deer" during controlled hunts.
The present action does not seek a declaration concerning the constitutionality or validity of a statute, ordinance, or regulation generally applicable to all citizens or to a particular industry or group such as private property owners or licensed hunters. The present action does not seek a declaration interpreting or defining the scope of a statute, ordinance or regulation, generally applicable to all citizens, to private property owners, or to licensed hunters. Instead, the present action challenges the acts and practices of the Commissioner undertaken in the management of the deer populations at B]uff Point and Long Point. A decision in this case regarding whether the Commissioner's deer management activities at Bluff Point and Long Point result in the unreasonable destruction of a natural resource does not affect the rights or interests of private CT Page 1034 property owners as a general group or licensed hunters.
A more troublesome question concerns whether the Groton Long Point Association, the private owner(s) of the Long Point Conservation Area, should be given Section 17-55(4) notice of this action. Plaintiff alleges that the acts and practices of the defendant Commission violated CEPA; those acts or practices allegedly occurred (or are occurring) on the Association's real property with respect to deer management. Arguably, the Association has an interest in the subject matter of this action as any declaration that the Commissioner's acts and practices violated CEPA would be in the context of, and with reference to, deer management activities undertaken by the Association and the defendant on its land. Admittedly, the allegations contained in the complaint relate to the acts and practices of the Commissioner in relation to fawn deer; and, fawn deer exist in public trust as a natural wildlife resource pursuant to General Statute Section 22a-15. Every person (or organization) in the state is "entitled to the protection, preservation and enhancement of that wildlife resource (fawn deer), and no person (or organization) has any right to violate General Statutes26-86f by the killing of fawn deer. Accordingly, the Association's rights with regard to fawn deer are no different from those of any other citizen (or organization) in Connecticut. However, it is inescapable that the allegations in this complaint deal specifically with deer management acts and practices on the Association's land which allegedly violate CEPA. In my view, the Association has a direct interest in the subject matter of this action as it may be affected by any declaration concerning whether deer management activities which have occurred, or are occurring, on its land violate the provisions of CEPA[6] It is not inconceivable that such activities could be the basis for a similar action involving Long Point. The court will depart from the law of the case as to the Association only.
For the reasons stated, defendant's motion for order of notice is denied, except as to the Groton Long Point Association.
______________________ Mulcahy, J.