RICH-TAUBMAN ASSOCIATES *v.* HARWYN
STAMFORD, INC.
(12517)
(12518)

FREEDMAN, SCHALLER and SPEAR, Js.

Argued May 5—decision released August 2, 1994

*John F. Fallon,* with whom was *Kristi M. Agniel,* for the appellant-appellee (defendant).

*Robert M. Dombroff,* with whom was *Ann M. Siczewicz,* for the appellee-appellant (plaintiff).

FREEDMAN, J. The defendant appeals from the judgments of the trial court granting the plaintiff's motions for summary judgment in the plaintiff's actions for a declaratory judgment and summary process.[1] The defendant claims that the trial court improperly granted the plaintiff's motions for summary judgment because (1) in doing so the trial court decided genuine issues of material fact, and (2) in the summary process action the trial court abused its discretion by refusing to grant the defendant's request for an extension of time within which to file opposition papers. Because we remand this matter to the trial court for further proceedings, we do not reach either of these issues.

The procedural history of the two actions is as follows. The plaintiff commenced an action by a complaint dated May 15, 1992, against the defendant seeking a

[1] The plaintiff's appeal in the declaratory judgment action and the plaintiff's appeal in the summary process action were consolidated by order of this court.

declaratory judgment that the defendant's right to occupy certain premises would terminate on February 28, 1993, the expiration date of the existing lease between the plaintiff and the defendant. The defendant answered by denying the operative allegations of the complaint and, additionally, filed a seven count counterclaim.[2] The plaintiff moved for summary judgment on its complaint and on each count of the defendant's counterclaim. After a hearing on the motion for summary judgment, the trial court, in a written memorandum of decision, rendered summary judgment for the plaintiff on its complaint and on five of the seven counts of the defendant's counterclaim.[3]

While the declaratory judgment action was pending and after the expiration date of the existing lease between the plaintiff and the defendant, the plaintiff, on March 26, 1993, commenced a summary process action against the defendant seeking immediate possession of the leased premises. The defendant filed an answer, special defenses and another seven count counterclaim. The plaintiff replied to the special defenses.

After the trial court granted the motion for summary judgment in the declaratory judgment action, the plaintiff filed a motion for summary judgment on its complaint in the summary process action relying on the trial court's memorandum of decision in the declaratory judgment action. The defendant moved for an extension of time to file its opposition to the motion and also

[2] The counterclaim alleged fraud in the negotiations, requested specific performance of a written agreement to lease, alleged breach of a written agreement to lease, requested specific performance of an oral agreement to lease, alleged breach of an oral lease, alleged promissory estoppel, and alleged unfair trade practices.

[3] The trial court denied summary judgment on the counterclaim alleging unfair trade practices and made no ruling as to the count alleging breach of a written agreement to lease.

moved for a stay of the summary process action. After a hearing, the trial court, without a memorandum of decision, granted the plaintiff's motion for summary judgment and denied the defendant's motions for extension of time and stay of proceedings. The two appeals followed.[4]

"The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice requirement of Practice Book § 390 (d). That section provides in relevant part: The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint . . . have reasonable notice thereof. Failure to comply with § 390 (d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.) *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993).

We are unable to determine from either the Appellate Court record or the trial court file whether there has been compliance with § 390 (d). The determinations of who the "persons having an interest in the subject matter" are and whether they "have reasonable notice" are factual. Such factual determinations cannot be made by this court. *State* v. *Andrews*, 33 Conn. App. 590, 599, 637 A.2d 787, cert. denied, 229 Conn. 908, 640 A.2d 121 (1994).

[4] The plaintiff has filed a cross appeal from the trial court's denial of its motion for summary judgment on the defendant's counterclaim alleging unfair trade practices. We dismiss the cross appeal because, absent exceptional circumstances that we do not find here, the denial of a motion for summary judgment is not an appealable final judgment. *Gurliacci* v. *Mayer*, 218 Conn. 531, 541 n.7, 590 A.2d 914 (1991).

We, therefore, exercise our supervisory authority pursuant to Practice Book § 4183[5] and remand the declaratory judgment action to the trial court to conduct a hearing to determine what persons have an interest in the subject matter and whether such persons had reasonable notice.

If the trial court determines that all persons who have an interest in the subject matter had reasonable notice, both appeals should be returned to this court for a resolution on the merits, including, if either party requests by way of an amended appeal, a review of the trial court's determination on the remanded issue of interested parties and notice thereto.

If the trial court determines that all persons who have an interest in the subject matter have not had reasonable notice, the judgment in the declaratory judgment action is reversed and the case is remanded to the trial court for further proceedings. Such a jurisdictional defect may be remedied. The trial court "may entertain procedural efforts to cure a jurisdictional defect with regard to the giving of notice under Practice Book § 390 [d] . . . ." *Serrani* v. *Board of Ethics,* supra, 225 Conn. 309 n.5. "Once there has been compliance with § 390 (d), the trial court will have plenary authority to render whatever judgment it then deems appropriate." Id., 310.

We note that our remand relates to the declaratory judgment action only. If the trial court determines that all the persons who have an interest in the subject matter did not have reasonable notice, its judgment granting the motion for summary judgment in the summary process action is also reversed and the case remanded for further proceedings because the judgment of the

---

[5] Practice Book § 4183 provides in relevant part: "[This] court may, on its own motion . . . remand any pending matter to the trial court for the resolution of factual issues where necessary . . . ."

trial court in the summary process action was based solely on its disposition of the declaratory judgment action.

The cases are remanded to the trial court for further proceedings consistent with this opinion.

In this opinion the other judges concurred.