ROBERT ENGELMAN, EXECUTOR (ESTATE OF ELLA B. RYDER) *v.* CONNECTICUT GENERAL LIFE INSURANCE COMPANY
(13205)

LAVERY, SPEAR and FREEDMAN, Js.

Argued March 20—decision released June 6, 1995

*William H. Clendenen, Jr.,* with whom, on the brief, was *Nancy L. Walker,* for the appellant (plaintiff).

*Timothy F. Woodbridge,* for the appellee (defendant).

FREEDMAN, J. The plaintiff, Robert Engelman, is the executor of the estate of Ella B. Ryder. He appeals from the judgment of the trial court holding that Ryder did not effectively change the beneficiary of her life insurance policy with the defendant, Connecticut General Life Insurance Company. He also argues that the court erroneously concluded that the defendant was not liable for having paid the proceeds of the policy to the beneficiary Ryder wanted to replace. Because we remand this matter to the trial court for further proceedings, we do not reach these issues.

The trial court found the following facts. In 1961, Ryder purchased policy no. 1020625 from the defendant insuring her life for $100,000. Her husband was listed as owner of the policy and primary beneficiary, and her nephew, Philip Zink, was named as a contingent beneficiary. Upon her husband's death in 1973, Ryder, as executrix of her husband's estate, became the owner of the policy, with the right to change the beneficiary. She attempted to change the beneficiary in 1976, through her agent, and in 1978, when she

wrote to the defendant. These attempts were unsuccessful because the defendant could not locate the policy without the policy number and Ryder was unable to locate the policy.

In 1979, after obtaining the policy number, Ryder's attorney, the plaintiff Robert Engelman, wrote a letter to the defendant directing a change of beneficiary from Zink to the executor of Ryder's estate. The letter was placed in the policy file, but the defendant did not record the policy change. Instead, the defendant sent the plaintiff a change of beneficiary form, which the plaintiff sent to Ryder. The form was never returned to the plaintiff or received by the defendant. It is not known whether Ryder ever received it from the plaintiff.

Ryder died on July 2, 1990, and the plaintiff was appointed the executor of her estate. Until her death, Ryder made the premium payments on the policy. When the plaintiff notified the defendant of Ryder's death, the appropriate claim forms were provided to him. In June, 1992, the defendant formally denied the plaintiff's claim for the policy proceeds and refused to commence an interpleader action. Instead, it sought out the beneficiary that Ryder had sought to replace, sent him claim forms, and paid the proceeds of the policy to him. The plaintiff then instituted the present action, alleging breach of contract, failure to pay the proceeds of the policy to the court for the purposes of an interpleader action in violation of General Statutes § 52-484, and violations of the Connecticut Unfair Insurance Practices Act (CUIPA); General Statutes § 38a-815 et seq.; and the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes § 42-110a et seq.

The trial court rendered judgment for the defendant concluding that, although Ryder's intent was clear, she

had not done all in her power to comply with the procedure set out in the policy regarding changing a beneficiary. On appeal, the plaintiff argues that the trial court improperly concluded that Ryder had not effectively changed her beneficiary. The plaintiff also argues that the court improperly held that the defendant did not violate CUTPA and CUIPA. Because we conclude that the record discloses a fundamental flaw in the proceedings that deprived the trial court of subject matter jurisdiction, we reverse the trial court's judgment and do not reach the merits of the appeal.

As relief on the breach of contract count, the plaintiff sought "a declaratory judgment ordering the defendant to pay the death proceeds to the Estate of Ella B. Ryder." On the count seeking relief for the defendant's refusal to pay the proceeds of the policy into court, the plaintiff sought "a declaratory judgment ordering the defendant to pay the life insurance proceeds to the Superior Court for the Judicial District of New Haven at New Haven." Although not raised by the parties, we note that Zink, the named beneficiary of the policy who was paid the policy proceeds, was not named in this action. Moreover, counsel at oral argument indicated that Zink had not been notified of the action. If the plaintiff had been successful in his claims, however, the outcome of the action would have affected the interests of Zink.[1]

"In order for a trial court to have jurisdiction over declaratory judgment actions . . . it must comply with the notice requirement of Practice Book § 390 (d), which provides: 'The court will not render declaratory judgments upon the complaint of any person . . .

---

[1] This is so even though the defendant stipulated at trial that it paid the proceeds to Zink as a "volunteer" and that if the payment was improper, the defendant was not exonerated from paying Ryder's estate. The defendant did not stipulate, however, that it waived any future claims against Zink if the court determined that he was improperly paid.

(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.' " *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 32, 653 A.2d 168 (1995). "Failure to comply with § 390 (d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. . . ." (Citations omitted; internal quotation marks omitted.) Id., 34–35; see also *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993); *Rich-Taubman Associates* v. *Harwyn Stamford, Inc.*, 35 Conn. App. 296, 299, 645 A.2d 1039 (1994).

The plaintiff asserts that he did not pursue the claim for a declaratory judgment at trial and that he considered it to be abandoned. However, "[n]either the trial court's memorandum of decision nor the judgment file indicates that the declaratory judgment aspect of the case was not determined by the trial court. . . . We conclude, therefore, that the trial court considered and denied the declaratory relief sought." *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 31.[2] Because Zink was

---

[2] In *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 27, the plaintiffs, who owned property in a certain subdivision, sought declaratory and injunctive relief to prevent the defendants, the owners of a lot in the same subdivision, from violating restrictive covenants in their deed by further subdividing the parcel they owned. The court stated: "It is unclear from the trial court's memorandum of decision whether it ruled separately on the claims for injunctive and declaratory relief. After discussing the question of common scheme, the court concluded by stating: 'Judgment is entered for the defendants.' The judgment file also is not instructive, as it merely reads: 'The court, having heard the parties, finds the issues in favor of the defendants.' " Id., 31 n.6.

Similarly, in the present case, the trial court's memorandum of decision stated that there was no breach of contract on the part of the defendant, and that no CUTPA or CUIPA violations were found; it did not make refer-

not a party to this action and did not have reasonable notice thereof, the trial court was without subject matter jurisdiction over the action.

"The trial court's lack of subject matter jurisdiction here, however, does not require a dismissal on remand. We have recently held that '[u]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement.' *Serrani* v. *Board of Ethics*, supra, 225 Conn. 309 n.5; *Connecticut Ins. Guaranty Assn.* v. *Raymark Corp.*, [215 Conn. 224, 230, 575 A.2d 693 (1990)]. On remand, the plaintiffs may pursue further procedural efforts to cure the jurisdictional defect regarding the notice requirement." *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 36. "Once there has been compliance with § 390 (d), the trial court will have plenary authority to render whatever judgment it then deems appropriate." *Serrani* v. *Board of Ethics*, supra, 310; *Rich-Taubman Associates* v. *Harwyn Stamford, Inc.*, supra, 35 Conn. App. 300.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

ence to a declaratory judgment, simply concluding that "[j]udgment may enter for the defendant on all counts." The judgment file, after describing the relief sought on all counts, *including the claims for a declaratory judgment,* simply stated: "The Court, having heard the parties, finds the issues for the Defendant on all counts. In addition, the Court rejects the Defendant's special defense. Whereupon, it is adjudged that judgment enter for the Defendant on all counts."