[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
The plaintiff, The Connecticut Light and Power Company (CLP), commenced this action on September 8, 1995 by service of process on the defendants Mitchel J. O'Hara, Jr., Mitchel J. O'Hara, Sr., Ruth Lois O'Hara, O'Hara O'Hara, O'Hara Marine, Inc., d/b/a Candlewood, and East Marina Club, seeking a temporary and permanent injunction as well as money damages.
The complaint is in a single count alleging that CLP conveyed two parcels of land together with certain easement rights to its real estate holding company The Rocky River Realty CT Page 13422 Company (Rocky River). (Plaintiff's Complaint ¶ 4.) Through a series of conveyances the property was transferred to the defendants together with the easement rights contained in the deed by CLP to Rocky River. (Plaintiff's Complaint ¶ 5.)
The complaint alleges that the property at issue consists of approximately 1.9 acres and abuts CLP's property on the west. Approximately 2.1 acres of CLP's property lies between the defendants property and the waters of Lake Candlewood and CLP's property extends below the waters of Lake Candlewood. (Plaintiff's Complaint ¶ 5.) It is further alleged that in the spring of 1984 the defendants installed a network of docks with approximately 210 boat slips attached to four docks which are in excess of 300 feet long. The defendants rent these docks to boaters on a seasonal basis. (Plaintiff's Complaint ¶ 6.) In addition, the plaintiff alleges that the defendants use the property for off season storage of boats and docks. ((Plaintiff's Complaint ¶ 7.)
The complaint further alleges that the defendants have been operating a marina and boat sales and storage business on the property and are "providing, to persons who pay various fees therefor, recreational and picnic facilities, a swimming area, a beach used for launching sail boats, a motor boat launching area, boat storage and automobile and trailer parking on CLP's property." (Plaintiff's Complaint ¶ 8.)
The plaintiff claims that the above uses of the land exceed the scope of the easement granted to the defendants and further overburden the easement rights. The plaintiff also claims that it has not been reimbursed for the above described usage and that the defendants have been unjustly enriched to the detriment of the plaintiff. The plaintiff seeks money damages, mandatory injunctive relief "prohibiting the defendants from conducting any activities on CLP'S property in excess of those authorized by the defendants' easement rights," and a temporary injunction prohibiting off-season storage of boats. (Plaintiff's complaint p. 4.)
On October 4, 1995, the defendants filed a motion to dismiss the plaintiff's complaint on the grounds that this action is a defacto declaratory judgment as to which the plaintiff has failed to give notice to all interested parties and that the action is simply a reiteration of an action that was dismissed by the Danbury Superior Court, Hull, J., in March of 1995[1] because CT Page 13423 the plaintiff failed to give notice to all interested parties or failed to join necessary parties. Accordingly, the defendants argue, this court lacks subject matter jurisdiction.
The plaintiff timely filed an objection and memorandum in support of its objection to the motion to dismiss arguing that in this action, unlike the one brought in Danbury and dismissed, CLP is not seeking a declaratory judgment and therefore need not provide notice to all parties claiming an interest in the subject matter of the action in accordance with Practice Book § 390(d).
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A motion to dismiss . . . properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted; emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). It is a "rule that, as soon as the jurisdiction of the court to decide an issue is called into question, all other actions in the case must come to a halt until a determination is made." Id., 545.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. Practice Book § 143(1). "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Ambroise v. William Raveis Real Estate,Inc., 226 Conn. 757, 764-65, 682 A.2d 1303 (1993), quotingLeConche v. Ellingers, 215 Conn. 701, 709, 579 A.2d 1 (1990). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Citations omitted.) In re Judicial Inquiry No. 85-01, 221 Conn. 625, 629,605 A.2d 545 (1992). "Moreover, whenever a court discovers it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." Id., 629.
"`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. . . ." (Citations omitted.) Plasil v. Tableman, 223 Conn. 68,80, 612 A.2d 763 (1992). CT Page 13424
"In order for a trial court to have jurisdiction over declaratory judgment actions . . . it must comply with the notice requirement of Practice Book § 390(d), which provides: `The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.'" Mannweiler v. LaFlamme, 232 Conn. 27,32, 653 A.2d 168 (1995). "Failure to comply with § 390(d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. . . ." (Citations omitted; internal quotation marks omitted.) Id., 34-35; see also Serrani v. Boardof Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993); Rich-TaubmanAssociates v. Harwyn-Stamford, Inc., 35 Conn. App. 296, 299,645 A.2d 1039 (1994).
The defendants argue that the court lacks subject matter jurisdiction where the plaintiff seeks a declaratory judgment or a defacto declaratory judgment and fails to notify all interested parties in accordance with Practice Book § 390(d). The defendants rely on the Supreme Court's ruling in Mannweiler v.LaFlamme, 232 Conn. 27, ___ A.2d ___, arguing that underMannweiler, "this Court lacks subject matter jurisdiction to render injunctive relief in this case because such relief necessarily depends on the Court's de facto declaratory judgment construing the easement rights in dispute." (Defendants Memorandum of Law in support of Motion to Dismiss p. 10.)
The defendants specifically rely on footnote 10 of the Court's opinion in Mannweiler v. LaFlamme, supra, 232 Conn. 35, wherein the court stated: "In Manley v. Pfeiffer, 176 Conn. 540,544-45, 409 A.2d 1009 (1979), this court affirmed a trial court judgment that had granted injunctive relief, even though the trial court had lacked jurisdiction to rule on the request for declaratory judgment because proper notice had not been afforded to all interested parties. Although in Manley this court did not explicitly consider whether the trial court had jurisdiction to hear the request for an injunction, our holding implied that the trial court had been competent to hear this claim. That implication is incorrect. Had we considered that issue, as we do in this case, we would have concluded that a trial court lacks CT Page 13425 jurisdiction to rule on a request for injunctive relief when that relief depends on a de facto declaratory judgment as to the rights of interested parties who have not been given proper notice. We therefore overrule anything in Manley to the contrary." Id. The defendants reliance on this footnote, however, carries the holding beyond cases seeking declaratory judgment and would result in applying Practice Book § 390(d) to cases in which injunctive relief is sought, at lease where the issues is the scope of deed rights.
In Mannweiler v. LaFlamme, supra, 232 Conn. 35, the court stated: "[O]ur concern with the provision of proper notice to all parties with an interest in property subject to the deed restrictions at issue applies with equal force to the plaintiffs' claim for injunctive relief, at least in a case such as thiswhere it is accompanied by a claim for a declaratory judgment."
(Emphasis added.) Id. In the present case, the plaintiff is seeking injunctive relief but unlike its 1989, claim the present action is not accompanied by a claim for a declaratory judgment.
The defendants also argued, at both short calendar and in their supplemental reply memorandum of law dated October 23, 1995, that "Mannweiler teaches that, when a plaintiff has chosen,at any stage of the litigation, to join a declaratory and an injunctive claim for relief, the case is shown to be a `de facto declaratory judgment action,' regardless of the subsequent disposition of the claim for declaratory relief." (Emphasis in the original.) (Defendants' Reply Memorandum dated October 23, 1995, p. 4-5.) The defendants further argue that "Mannweiler
directly holds that the joinder and notice requirements of Practice Book § 390(d) apply in any injunction action in which the plaintiff has also sought a declaratory judgment, as CLP previously did in this case." The defendants are relying on the 1989 action that was dismissed in 1995, wherein the plaintiff sought declaratory and injunctive relief, to support the that proposition that Mannweiler v. LaFlamme, supra, 232 Conn. 27, dictates that this court must dismiss the present action based on the claims presented in the 1989 action. In this court's opinion, the defendants argument goes beyond the scope of the Mannweilerv. LaFlamme, supra, holding and bears out the concerns raised by Justice Berdon in his dissent wherein he stated: "[T]he majority does not dispute that a court has jurisdiction to rule on [a] request for an injunction if it is contained in a complaint that does not also seek a declaratory judgment. Similarly, the majority does not dispute that a court has jurisdiction to rule CT Page 13426 on that same plaintiff's request for an injunction if, before or after judgment, the plaintiff withdraws a request for a declaratory judgment." Mannweiler v. LaFlamme, supra, 232 Conn. 43, n. 9 (Berdon, J., dissenting.).
The plaintiff in the present case is not seeking a declaratory judgment. As such, the notice requirements of Practice Book § 390(d) are not applicable. Accordingly, the defendants' motion to dismiss is denied.
PICKETT, J.