WILLIAM J. WARREN *v.* COMMISSIONER OF MENTAL HEALTH ET AL.
(14140)

O'Connell, Spear and Hennessy, Js.

Argued February 20—officially released April 30, 1996

*John R. Williams,* for the appellant (plaintiff).

*Patricia A. Gerner,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (named defendant).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (defendant Michael Dearington).

SPEAR, J. The plaintiff in this declaratory judgment action appeals from the judgment of the trial court holding that General Statutes §§ 17a-580 through 17a-603,[1] as applied to the plaintiff, do not violate the ex post facto clause of article one, § 10, of the United States constitution. The plaintiff claims that the trial court improperly found that the statutory modifications are procedural, rather than substantive, in nature, and thus do not constitute ex post facto laws. Because we remand this case to the trial court for further proceedings, we do not reach the issue raised by the plaintiff.

The record discloses the following relevant facts and procedural history. The plaintiff was arrested on July 5, 1971, and charged with the crime of murder. On February 27, 1974, a jury found the plaintiff not guilty by reason of insanity. The plaintiff, pursuant to General Statutes (Rev. to 1972) § 53a-47 (now §§ 17a-580 through 17a-603), was committed to the custody of the defendant commissioner of mental health for an indefinite period of time not to exceed twenty-five years. Section 53a-47, which took effect approximately three months after the commission of the criminal act, was the first statute that treated insanity "acquittees"[2] differently from persons who were otherwise involuntarily committed because of mental illness.

The plaintiff brought this declaratory judgment action requesting that the trial court declare that §§ 17a-580 through 17a-603, as applied to him, are ex post facto laws in violation of the United States constitution. The plaintiff takes specific exception to the current statutory provisions that require acquittees seeking release to prove, by a preponderance of the evidence, that they are eligible for release from psychiatric confinement.

---

[1] General Statutes §§ 17a-580 through 17a-603 strictly govern the confinement of persons found not guilty by reason of insanity.

[2] General Statutes § 17a-580 (1) defines "acquittee" as "any person found not guilty by reason of mental illness or defect . . . ."

The statute in effect on the date of the plaintiff's criminal act did not place such a burden on acquittees. The plaintiff also sought an injunction prohibiting the defendants from confining the plaintiff, or placing conditions on his release, pursuant to §§ 17a-580 through 17a-603.

The trial court rejected the arguments of the plaintiff and rendered judgment in favor of the defendants. The trial court found that the statutory changes were procedural rather than substantive and thus concluded that "neither the change of the standard [of proof] nor the shift in burden [constituted] an ex post facto law as applied to [the plaintiff]." This appeal by the plaintiff followed.

" 'The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice requirement of Practice Book § 390 (d).' " *Rich-Taubman Associates* v. *Harwyn Stamford, Inc.*, 35 Conn. App. 296, 299, 645 A.2d 1039 (1994); see also *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 32, 653 A.2d 168 (1995); *Engelman* v. *Connecticut General Life Ins. Co.*, 38 Conn. App. 134, 137, 658 A.2d 983 (1995). Section 390 provides that "[t]he court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint . . . have reasonable notice thereof." "Failure to comply with § 390 (d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.) *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993).

Having thoroughly examined the record, we are unable to determine whether there has been compliance with § 390 (d). "The determinations of who the persons having an interest in the subject matter are and whether they have reasonable notice are factual. Such factual determinations cannot be made by this court." (Internal quotation marks omitted.) *Rich-Taubman Associates* v. *Harwyn Stamford, Inc.*, supra, 35 Conn. App. 299. We, therefore, are precluded from reaching the merits of the plaintiff's claim until the trial court has determined that the plaintiff has complied with § 390 (d).

Pursuant to our supervisory authority under Practice Book § 4183,[3] we remand this case to the trial court and order it to conduct a hearing to determine the persons having an interest in the subject matter and whether such persons had reasonable notice. Should the trial court determine that all persons having an interest in the subject matter had reasonable notice, this appeal should be returned to this court so that we may address the merits.

Should the trial court, however, determine that there are persons having an interest in the subject matter who were not properly notified pursuant to § 390 (d), the plaintiff shall be entitled to cure this jurisdictional defect. "The trial court's lack of subject matter jurisdiction here . . . does not require a dismissal on remand. We have recently held that [u]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." (Internal quotation marks omitted.) *Engelman* v. *Connecticut General Life Ins. Co.*, supra, 38 Conn. App. 139; see also *Serrani* v. *Board*

---

[3] Practice Book § 4183 provides in relevant part: "[This] court may, on its own motion . . . remand any pending matter to the trial court for the resolution of factual issues where necessary . . . ."

*of Ethics*, supra, 225 Conn. 309 n.5. "On remand, the plaintiff may pursue further procedural efforts to cure the jurisdictional defect regarding the notice requirement." *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 36.

The case is remanded for further proceedings consistent with this opinion. In the event that the trial court determines that reasonable notice has been afforded, the appeal will be returned to this court; in the event that reasonable notice has not been afforded, the judgment is reversed and the plaintiff may pursue efforts to cure the jurisdictional defect.

In this opinion the other judges concurred.