[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a declaratory action filed by K-Mart Corporation against United States Fire Insurance Co., Crum 
Forster Commercial Underwriting, Shunpike West Limited Partnership, and New England Brokerage Corp. in which K-Mart seeks a court determination whether its landlord and its insurance companies have a duty to defend K-Mart in the pending lawsuit Zimmitti v. K-Mart Corp., Superior Court, judicial district of Middletown, Docket No. 077458. The pending suit is premised upon a slip and fall accident occurring outside the entrance of K-Mart and sets forth claims of negligence and carelessness against K-Mart and Shunpike. Specifically, K-Mart seeks to determine the following issues: (1) whether a lease agreement between Shunpike and K-Mart imposes an obligation on Shunpike to provide for and pay for K-Mart's legal defense in the above pending lawsuit; and (2) whether Brokerage, Crum Foster, and/or US Fire are obligated under an insurance contract with Shunpike to provide for and pay for K-Mart's legal defense in the above underlying lawsuit.
On December 13, 1996, the defendants' filed this motion to strike the complaint on the following grounds: (1) there is no actual controversy between the parties as required by Practice Book § 390(b); (2) there is an alternative means of redress in this matter thereby rendering a declaratory judgment improper under Practice Book § 390(c); and (3) all persons having an interest in this matter have not been made parties to the action as required under Practice Book CT Page 6818 § 390(d).
— I —
The defendants contend that K-Mart's complaint should be stricken in its entirety because no actual controversy exists between the parties as required by Practice Book § 390(b), firstly because in the underlying action, Judge Stanley denied K-Mart's motion for summary judgment based on the identical issue, and that is the "law" in this case.
In the underlying action, K-Mart moved for summary judgment on its cross-claim, which set forth a cause of action against Shunpike "to indemnify and hold [K-Mart] harmless for any injuries received" by the underlying plaintiff which was denied because it was found that there was a material question of fact. The claim regarding whether Shunpike has a duty to defend was not pleaded by K-Mart in the cross-claim but was pleaded by way of a specialdefense, which could not and was not addressed in the decision on the summary judgment motion. See Dubourg v.Osborn, judicial district of Litchfield, Docket No. 065070 (July 5, 1995, Pickett, J.) holding that a motion for summary judgment as to a special defense is improper.
— II —
Secondly, defendants claim that plaintiff's complaint fails to set forth an actual bona fide and substantial controversy between the parties as required by Practice Book § 390(b) and therefore the court lacks subject matter jurisdiction.
Review of the complaint indicates that K-Mart has alleged sufficient facts in its complaint to comply with Practice Book § 390(b). With respect to Shunpike, K-Mart alleges that under the lease agreement Shunpike agreed to defend and indemnify the plaintiff, and has "failed or refuses to provide and/or pay for the legal defense of the plaintiff in the" underlying lawsuit. With respect to the remaining defendants, K-Mart claims that it was a third party beneficiary of an insurance policy issued by Brokerage, Crum Foster, and US Fire to Shunpike, and that they have a duty to defend and indemnify K-Mart in the underlying action and despite several requests, have failed CT Page 6819 to do so. These alleged facts are sufficient to show "the existence of a substantial controversy or uncertainty of legal relations that requires settlement between the parties." Messina v. Bridgeport Water Pollution Control,
supra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 277269 (May 22, 1991 Hodgson, J.). Accordingly, this court has subject matter jurisdiction to hear the matter.
— III —
The defendants also seek to strike the entire complaint on the ground that there is an alternative means of redress thereby rendering a declaratory judgment improper under Practice Book § 390(c), because the subject matter of the present action is already an issue in the underlying pending action. K-Mart argues that the issues in the underlying action are separate and distinct from the issue to be decided in the declaratory action and further maintains that Brokerage, Crum Forster, and US Fire are parties to this declaratory action but not to the underlying action.
Practice Book § 390(c) provides: "The court will not render declaratory judgments upon the complaint of any person: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure." Id. A successful motion to strike an action for a declaratory judgment upon the grounds of available alternative means of redress must show that the court could not in the exercise of sound discretion permit the action to proceed. Aetna Casualty Surety v. Gentile,
Superior Court, judicial district of New Haven at New Haven, Docket No. 353207 (March 23, 1994, Fracasse, J.) (9 C.S.C.R. 379).
Because the defendants Brokerage, Crum Forster, and US Fire are not parties to the underlying action between Zimmitti, K-Mart and Shunpike, K-Mart would not be afforded a remedy as effective, convenient, and complete as the present declaratory action, the resolution of which would simplify the issues in the underlying action.
— IV —
Lastly, the defendants contend that the complaint CT Page 6820 should be stricken in its entirety because it fails to comply with the notice requirements set forth in Practice Book § 390(d) since the underlying plaintiffs were not made parties to this declaratory action or provided with reasonable notice thereof. K-Mart maintains that it has joined all the necessary parties in the present action and that the underlying plaintiffs' personal injury claim is entirely irrelevant to the present action regarding the defendants' duty to defend K-Mart. Practice Book § 390(d) provides: "The court will not render declaratory judgments upon the complaint of any person: . . . (d) until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
Subject matter jurisdiction would ordinarily be challenged by a motion to dismiss, nonetheless; now that the issue of subject matter jurisdiction has been raised, it will be addressed. Cannata v. Dept. of EnvironmentalProtection, 239 Conn. 124, 134 n. 17 (1996).
In Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 224 (1996) our Supreme Court stated: "[A]ll persons who have a direct interest in the subject matter of the action are required to be made parties or to have reasonable notice of the action, even if their presence is not necessary to a decision of the issues between the parties of record."
The court went on to state:
 Parties are considered indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final disposition may be . . . inconsistent with equity and good conscience. . . . Indispensable parties must be joined because due process principles make it essential that such parties be given notice and an opportunity to protect their interests by making them a party to the action. . . . Necessary parties, in contrast, are those persons having an interest in the controversy, and who ought to be made parties, in CT Page 6821 order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . But if their interest are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the later are not indispensable parties.
The determination of who the persons having an interest in the subject matter are and whether they have reasonable notice are factual and are made by the trial court.
 Should the trial court . . . determine that there are persons having an interest in the subject matter who were not properly notified pursuant to § 390(d), the plaintiff shall be entitled to cure this jurisdictional defect. The trial court's lack of subject matter jurisdiction here . . . does not require dismissal. . . . Unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirements. . . . [T]he plaintiff may pursue further procedural efforts to cure the jurisdictional defect regarding the notice requirement.
Warren v. Commission of Mental Health, supra,41 Conn. App. 221, 224 (1996).
Plaintiffs in the underlying action do not have a "direct interest in the subject matter of the action" presently before this court because the purpose of this action is to determine the obligations of the defendants to defendant K-Mart in the underlying action. Plaintiff's interest in the underlying action is to seek recovery against K-Mart and Shunpike for negligence due to a slip and fall accident. It need not be made party to the present action or be provided with reasonable notice thereof.
Motion to Strike Denied. CT Page 6822
Jerry Wagner Trial Judge Referee